NO. 07-07-0482-CR



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL C



NOVEMBER 13, 2008



______________________________





JAMES E. MATTHEWS JR., APPELLANT



v.



THE STATE OF TEXAS, APPELLEE





_________________________________



FROM THE COUNTY COURT AT LAW NO. 1 OF LUBBOCK COUNTY;



NO. 2006-497,902; HON. RUSTY LADD, PRESIDING



_______________________________



Before QUINN, C.J., and HANCOCK and PIRTLE, JJ.

 
MEMORANDUM OPINION

 
          Appellant, James E. Matthews, Jr., was convicted by a jury of the offense of assault. 
The same jury assessed his punishment at confinement in the Lubbock County jail for a
period of 365 days. This appeal followed. We affirm.
 
Factual and Procedural Background
          On January 27, 2006, a 911 call was sent to the Lubbock Police Department
regarding a domestic assault. Officer Stevens responded to the call at the residence of
Gloria Mitchell, the victim of the alleged assault. As a result of the 911 call, Lubbock EMS
was also dispatched to the scene. Officer Stevens interviewed the victim and filed a police
report. The EMS attendant evaluated the victim and prepared a written report. The victim
refused further treatment and declined to be taken to a hospital for further evaluation. On
February 9, 2006, an information was filed in the County Court at Law No. 1 of Lubbock
County alleging that appellant had committed the offense of assault against the victim. 
          The trial was conducted on September 5, 2007. At trial, Stevens, who had retired
from the Lubbock Police Department, testified that he had no independent recollection of
the events in question. Stevens identified a police report and acknowledged that he had
apparently written the report; however, after reading the report, he testified that it did not
refresh his memory about the events in question. After the trial court sustained an
objection to having Stevens read from the report, he was excused as a witness. Next, the
custodian of records for EMS testified to her duties and responsibilities as custodian of
records and identified a report prepared by the EMS attendant regarding this incident. 
Over trial counsel’s objection, the report was admitted into evidence and published to the
jury as State’s Exhibit 1. State’s Exhibit 1 contained the name of Gloria Mitchell as the
patient’s name and further stated that, “[t]he cause of injury is an assault, an unarmed fight
or brawl, and the . . . site of the injury is referred to as the left anterior shoulder, and the
type of injury as pain without swelling or bruising.” The report further revealed that the
“patient states she was assaulted by her boyfriend.” As to how the injury occurred, the
report reflected “he grabbed her around her ribs with both arms and squeezed her.” 
Further, the report indicated that the victim said she was having shoulder pain. Upon
cross-examination, the custodian of records admitted that the report contained no mention
that the victim’s arm was twisted or that she was grabbed by the throat. The State then
introduced the 911 tape as State’s Exhibit 2. The parties stipulated as to the authenticity
of the tape. Trial counsel objected to the admission of the tape on two grounds. First,
appellant’s counsel objected to the admission on the grounds of a denial of appellant’s
right of confrontation, denominated as a Crawford objection.


 Second, counsel objected
to the tape’s admission on the basis that the tape contained statements made by appellant
in response to questions posed by the 911 operator. The trial court overruled both
objections and the tape was played for the jury. The final witness was the victim, Gloria
Mitchell. Mitchell stated she could not remember any of the particulars about the incident,
although she did remember calling 911. She stated that with the passage of time and due
to health reasons she had no clear recollection about what transpired. Further, Mitchell did
advise that she did not want the prosecution to go forward and continued to live with
appellant. Specifically, Mitchell had no recollection of appellant twisting her arm behind her
back nor did she remember appellant placing his hands around her throat. After listening
to the 911 tape, Mitchell did identify her own voice and admitted that she and appellant had
been arguing on the night in question. However, she had no recollection of being injured
on the night in question.
          At the conclusion of the testimony, the jury retired to deliberate and returned a
verdict of guilty. After the presentment of evidence during the punishment phase, the jury
sentenced appellant to 365 days in the county jail. This appeal followed.
          Through three issues appellant contends that 1) the evidence is legally insufficient
to sustain the finding of guilt, 2) the evidence is factually insufficient to sustain the finding
of guilt, and 3) the trial court abused its discretion in admitting the testimony of the EMS
records custodian and State’s Exhibit 1. 
Legal Sufficiency
          By his first issue, appellant contends that the evidence is legally insufficient to
support a finding of guilt by the jury.


 In assessing the legal sufficiency of the evidence, we
review all the evidence in the light most favorable to the verdict to determine whether any
rational trier of fact could have found the essential elements of the offense beyond a
reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560
(1979); Ross v. State, 133 S.W.3d 618, 620 (Tex.Crim.App. 2004). In conducting a legal
sufficiency review, an appellate court may not sit as a thirteenth juror, but rather must
uphold the jury’s verdict unless it is irrational or unsupported by more than a mere
modicum of evidence. Moreno v. State, 755 S.W.2d 866, 867 (Tex.Crim.App. 1988). We
measure the legal sufficiency of the evidence against a hypothetically correct jury charge. 
See Malik v. State, 953 S.W.2d 234, 240 (Tex.Crim.App. 1997).
          Appellant was charged with the offense of assault. The offense as charged is
defined as, 
                     “(a) A person commits an offense if the person:
                                (1) intentionally, knowingly, or recklessly causes

                      bodily injury to another, including the person’s spouse;”





See Tex. Penal Code Ann. § 22.01(a)(1) (Vernon Supp. 2008).


 The information filed
against appellant alleged that on January 27, 2006, appellant intentionally, knowingly, and
recklessly caused bodily injury to Gloria Mitchell by grabbing her arm and twisting the arm
and grabbing her by the throat. It is the evidence supporting the factual manner that the
bodily injury occurred that is the primary focus of appellant’s contention. 
          Appellant posits that because the State alleged the assault occurred by twisting the
victim’s arm behind her back and by grabbing the victim by the throat, the evidence at trial
must comport to that exact method of committing assault or that evidence is legally
insufficient. The record reveals that the only evidence of bodily injury came from State’s
Exhibit 1, the EMS report. All that the exhibit referred to was shoulder pain with no swelling
or bruising. The nature of the assaultive conduct, as reported in the exhibit, was
appellant’s grabbing the victim around the ribs while holding her arms down and squeezing
very tightly. 
          Appellant’s issue posits that the proof at trial was at variance with the factual
allegations contained in the information and, therefore, the evidence was legally
insufficient. The issue of variance between the allegation in a charging instrument and the
proof at trial, in a legal sufficiency challenge, has been the subject of two persuasive 
opinions of the Texas Court of Criminal Appeals. See Fuller v. State, 73 S.W.3d 250, 253
(Tex.Crim.App. 2002), (citing Gollihar v. State, 46 S.W.3d 243, 257 (Tex.Crim.App. 2001). 
These cases stand for the proposition that, the only time the variance between the
allegation in the indictment or information and the proof of trial results in legally insufficient
evidence is when the variance is a “material” variance. Fuller, 73 S.W.3d at 253, Gollihar,
46 S.W.3d at 257. A variance will be construed to be a “material” variance when the
variance deprives the appellant of notice of the charges or when the variance subjects the
appellant to the risk of later being prosecuted for the same offense. Fuller, 73 S.W.3d at
253, Gollihar, 46 S.W.3d at 257. In Fuller ,the variance was that the victim’s name, as set
forth in the indictment, was Olen M. Fuller, while at trial the victim was identified as Mr.
Fuller or Buddy. Id. at 251. In Gollihar, the variance was that the indictment alleged the
model number of the go-cart stolen as 136202 whereas the proof at trial was that it was
model number 136203. Gollihar, 46 S.W.3d at 244. In each case the court found that the
variance was not a “material” variance because each defendant had proper notice of the
prohibited conduct they were accused of violating and neither could be subjected to a
second trial for the same conduct. Fuller, 73 S.W.3d at 254, Gollihar, 46 S.W.3d at 258. 
          In determining whether the variance at issue in the matter before us is material we
are directed to consider the substantive elements of the criminal offense as defined by
state law. Fuller, 73 S.W.3d at 252-53. The elements of an offense are defined as the
forbidden conduct with the required culpability. § 1.07(a)(22)(A) & (B). In our case the
elements are that appellant intentionally, knowingly or recklessly caused bodily injury to
another. § 22.01(a)(1). Also, bodily injury means physical pain, illness, or any impairment
of physical condition. § 1.07(a)(8). Therefore, proof that appellant caused bodily injury to
the victim intentionally, knowingly or recklessly is sufficient proof to meet the legal
sufficiency standard. 
          When these standards are applied to the case before us, we find that the proof
before the jury was that the victim said she was in pain and that appellant had caused the
pain by his conduct. The fact that the State alleged a factual method of appellant’s
causing the pain that was at odds with the proof at trial does not create a material variance. 
The culpable conduct was alleged in a manner to give appellant notice of the crime he was
called upon to defend, an assault of the named victim on the alleged date in question. 
Further, appellant has never claimed that he did not know that he was defending himself
against a charge of assault nor has he ever claimed surprise at the proof or allegations. 
Finally, since the entire record is reviewed in the case of a claim of double jeopardy, in the
event of subsequent prosecution, appellant is not endangered of subsequent prosecution
for the same culpable conduct. See United States v. Apodaca, 843 F.2d 421, 430 n.3 (10th
Cir.), cert. denied, 488 U.S. 932 (1988). Accordingly, we overrule appellant’s first issue.
 
 
Factual Sufficiency
          When an appellant challenges the factual sufficiency of the evidence supporting
his conviction, the reviewing court must determine whether, considering all the evidence
in a neutral light, the jury was rationally justified in finding the appellant guilty beyond a
reasonable doubt. See Watson v. State, 204 S.W.3d 404, 415 (Tex.Crim.App. 2006). In
performing a factual sufficiency review, we must give deference to the fact finder’s
determinations if supported by evidence and may not order a new trial simply because we
may disagree with the verdict. See id. at 417. As an appellate court, we are not justified
in ordering a new trial unless there is some objective basis in the record demonstrating
that the great weight and preponderance of the evidence contradicts the jury’s verdict. 
See id. Additionally, an appellate opinion addressing factual sufficiency must include a
discussion of the most important evidence that appellant claims undermines the jury’s
verdict. Sims v. State, 99 S.W.3d 600, 603 (Tex.Crim.App. 2003). The Court of Criminal
Appeals has recently declared that when reviewing the evidence for factual sufficiency,
the reviewing court should measure the evidence in a neutral manner “against a
hypothetically correct” jury charge. Vega v. State, No. PD-1615-06, 2008 Tex. Crim. App.
LEXIS 1179, at *7 (Tex.Crim.App. Oct. 1, 2008), citing Wooley v. State, No. PD-0861-07,
2008 LEXIS 762, at *1-*2 (Tex.Crim.App. June 25, 2008).
          Appellant contends that the most important evidence that leads to the conclusion
that the evidence was factually insufficient is the lack of testimony that appellant
committed assault by twisting the victim’s arm behind her back or grabbing the victim by
the throat. There is, however, no dispute that the evidence produced at trial indicates that
the appellant grabbed the victim around the waist and squeezed her, while her arms were
at her side. Further, there is no dispute that the evidence proved that the victim
complained of pain in her shoulder following the assault. It is the fact that the evidence
varied from the factual manner and means of committing the assault that appellant
contends is fatal in a factual sufficiency review. 
          Because the evidence must be weighed against a hypothetically correct jury
charge, we are compelled to review this evidence as instructed in Fuller and Gollihar. 
Fuller, 73 S.W.3d at 253, Gollihar, 46 S.W.3d at 257.


 Thus, we are again faced with the
issue of whether the evidence produced at trial is at variance with the charge that is
“hypothetically correct.” As stated in the section of this opinion dealing with the legal
sufficiency of the evidence, a variance in the proof is only material when the appellant was
denied notice of the charges that he is called upon to defend or it subjects the appellant
to the risk of subsequent prosecution for the same offense. Fuller, 73 S.W.3d at 253,
Gollihar, 46 S.W.3d at 257. For the same reasons set forth above, we determine that the
variance is not a “material” variance. With this concept in mind, our review of the
evidence leads to the conclusion that the jury was rationally justified in finding appellant
guilty beyond a reasonable doubt. Watson, 204 S.W.3d at 415. Therefore, we overrule
appellant’s second issue.
 
Records Custodian and State’s Exhibit 1
          Appellant’s third issue concerns the decision of the trial court to allow the testimony
of the EMS Custodian of Records and the subsequent admission into evidence of State’s
Exhibit 1. Appellant contends that the exhibit was not admissible as a statement made
for purposes of medical diagnosis or treatment. See Tex. R. Evid. 803(4). 
          The admissibility of evidence is within the discretion of the trial court and will not
be reversed absent an abuse of discretion. Osbourn v. State, 92 S.W.3d 531, 537
(Tex.Crim.App. 2002). If there is evidence supporting the trial court's decision to admit
evidence, there is no abuse and the appellate court must defer to that decision. Id. at
538. Even when the trial judge gives the wrong reason for his decision, if the decision is
correct on any theory of law applicable to the case it will be sustained. Id. 
          Our review of the record reveals that, when State’s Exhibit 1 was offered, appellant
made a general objection based upon hearsay and, further, objected that the exhibit
violated his right to confrontation.


 In his brief before this Court, appellant contends that
the State did not produce evidence sufficient to demonstrate that the hearsay statements
at issue were made for purposes of medical diagnosis or treatment. However, the record
demonstrates that the State established the admissibility of the documents as a record
of a regularly conducted activity, pursuant to Rule 803(6), Texas Rules of Evidence. As
the exhibit was admissible under this exception to the hearsay rule, the fact that appellant
might be correct about the applicability of the medical diagnosis or treatment exception
is not conclusive of the issue. The trial court was correct in admitting the evidence as a
record of a regularly conducted activity and therefore, could not have abused its
discretion. Id. 
Conclusion
          Having overruled appellant’s issues, we affirm the judgment of the trial court.
 
Mackey K. Hancock

Justice

 
Do not publish.