NO. 07-07-0482-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL C

NOVEMBER 13, 2008

_____

JAMES E. MATTHEWS JR., APPELLANT

v.

THE STATE OF TEXAS, APPELLEE

_____

FROM THE COUNTY COURT AT LAW NO. 1 OF LUBBOCK COUNTY;

NO. 2006-497,902; HON. RUSTY LADD, PRESIDING

_____

Before QUINN, C.J., and HANCOCK and PIRTLE, JJ.

**MEMORANDUM OPINION**

Appellant, James E. Matthews, Jr., was convicted by a jury of the offense of assault. The same jury assessed his punishment at confinement in the Lubbock County jail for a period of 365 days. This appeal followed. We affirm.

Factual and Procedural Background

On January 27, 2006, a 911 call was sent to the Lubbock Police Department regarding a domestic assault. Officer Stevens responded to the call at the residence of Gloria Mitchell, the victim of the alleged assault. As a result of the 911 call, Lubbock EMS was also dispatched to the scene. Officer Stevens interviewed the victim and filed a police report. The EMS attendant evaluated the victim and prepared a written report. The victim refused further treatment and declined to be taken to a hospital for further evaluation. On February 9, 2006, an information was filed in the County Court at Law No. 1 of Lubbock County alleging that appellant had committed the offense of assault against the victim.

The trial was conducted on September 5, 2007. At trial, Stevens, who had retired from the Lubbock Police Department, testified that he had no independent recollection of the events in question. Stevens identified a police report and acknowledged that he had apparently written the report; however, after reading the report, he testified that it did not refresh his memory about the events in question. After the trial court sustained an objection to having Stevens read from the report, he was excused as a witness. Next, the custodian of records for EMS testified to her duties and responsibilities as custodian of records and identified a report prepared by the EMS attendant regarding this incident. Over trial counsel's objection, the report was admitted into evidence and published to the jury as State's Exhibit 1. State's Exhibit 1 contained the name of Gloria Mitchell as the patient's name and further stated that, "[t]he cause of injury is an assault, an unarmed fight or brawl, and the . . . site of the injury is referred to as the left anterior shoulder, and the type of injury as pain without swelling or bruising." The report further revealed that the

2

"patient states she was assaulted by her boyfriend." As to how the injury occurred, the report reflected "he grabbed her around her ribs with both arms and squeezed her." Further, the report indicated that the victim said she was having shoulder pain. Upon cross-examination, the custodian of records admitted that the report contained no mention that the victim's arm was twisted or that she was grabbed by the throat. The State then introduced the 911 tape as State's Exhibit 2. The parties stipulated as to the authenticity of the tape. Trial counsel objected to the admission of the tape on two grounds. First, appellant's counsel objected to the admission on the grounds of a denial of appellant's right of confrontation, denominated as a Crawford objection.[1] Second, counsel objected to the tape's admission on the basis that the tape contained statements made by appellant in response to questions posed by the 911 operator. The trial court overruled both objections and the tape was played for the jury. The final witness was the victim, Gloria Mitchell. Mitchell stated she could not remember any of the particulars about the incident, although she did remember calling 911. She stated that with the passage of time and due to health reasons she had no clear recollection about what transpired. Further, Mitchell did advise that she did not want the prosecution to go forward and continued to live with appellant. Specifically, Mitchell had no recollection of appellant twisting her arm behind her back nor did she remember appellant placing his hands around her throat. After listening to the 911 tape, Mitchell did identify her own voice and admitted that she and appellant had been arguing on the night in question. However, she had no recollection of being injured on the night in question.

---

[1]See Crawford v. Washington, 541 U.S. 36, 124 S.Ct 1354, 158 L.Ed.2d 177 (2004).

At the conclusion of the testimony, the jury retired to deliberate and returned a verdict of guilty. After the presentment of evidence during the punishment phase, the jury sentenced appellant to 365 days in the county jail. This appeal followed.

Through three issues appellant contends that 1) the evidence is legally insufficient to sustain the finding of guilt, 2) the evidence is factually insufficient to sustain the finding of guilt, and 3) the trial court abused its discretion in admitting the testimony of the EMS records custodian and State's Exhibit 1.

Legal Sufficiency

By his first issue, appellant contends that the evidence is legally insufficient to support a finding of guilt by the jury.[2] In assessing the legal sufficiency of the evidence, we review all the evidence in the light most favorable to the verdict to determine whether any rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); Ross v. State, 133 S.W.3d 618, 620 (Tex.Crim.App. 2004). In conducting a legal sufficiency review, an appellate court may not sit as a thirteenth juror, but rather must uphold the jury's verdict unless it is irrational or unsupported by more than a mere modicum of evidence. Moreno v. State, 755 S.W.2d 866, 867 (Tex.Crim.App. 1988). We

_____

[2]Appellant challenges both legal and factual sufficiency. Therefore, we are required to conduct an analysis of the legal sufficiency of the evidence first and then, only if we find the evidence to be legally sufficient, do we analyze the factual sufficiency of the evidence. See Clewis v. State, 922 S.W.2d 126, 133 (Tex.Crim.App. 1996).

4

measure the legal sufficiency of the evidence against a hypothetically correct jury charge. See Malik v. State, 953 S.W.2d 234, 240 (Tex.Crim.App. 1997).

Appellant was charged with the offense of assault. The offense as charged is defined as,

> "(a) A person commits an offense if the person:
> (1) intentionally, knowingly, or recklessly causes bodily injury to another, including the person's spouse;"

See TEX. PENAL CODE ANN. § 22.01(a)(1) (Vernon Supp. 2008).[3] The information filed against appellant alleged that on January 27, 2006, appellant intentionally, knowingly, and recklessly caused bodily injury to Gloria Mitchell by grabbing her arm and twisting the arm and grabbing her by the throat. It is the evidence supporting the factual manner that the bodily injury occurred that is the primary focus of appellant's contention.

Appellant posits that because the State alleged the assault occurred by twisting the victim's arm behind her back and by grabbing the victim by the throat, the evidence at trial must comport to that exact method of committing assault or that evidence is legally insufficient. The record reveals that the only evidence of bodily injury came from State's Exhibit 1, the EMS report. All that the exhibit referred to was shoulder pain with no swelling or bruising. The nature of the assaultive conduct, as reported in the exhibit, was appellant's grabbing the victim around the ribs while holding her arms down and squeezing very tightly.

---

[3]Further reference to the Texas Penal Code will be by "§ ___."

Appellant's issue posits that the proof at trial was at variance with the factual allegations contained in the information and, therefore, the evidence was legally insufficient. The issue of variance between the allegation in a charging instrument and the proof at trial, in a legal sufficiency challenge, has been the subject of two persuasive opinions of the Texas Court of Criminal Appeals. See Fuller v. State, 73 S.W.3d 250, 253 (Tex.Crim.App. 2002), (citing Gollihar v. State, 46 S.W.3d 243, 257 (Tex.Crim.App. 2001). These cases stand for the proposition that, the only time the variance between the allegation in the indictment or information and the proof of trial results in legally insufficient evidence is when the variance is a "material" variance. Fuller, 73 S.W.3d at 253, Gollihar, 46 S.W.3d at 257. A variance will be construed to be a "material" variance when the variance deprives the appellant of notice of the charges or when the variance subjects the appellant to the risk of later being prosecuted for the same offense. Fuller, 73 S.W.3d at 253, Gollihar, 46 S.W.3d at 257. In Fuller ,the variance was that the victim's name, as set forth in the indictment, was Olen M. Fuller, while at trial the victim was identified as Mr. Fuller or Buddy. Id. at 251. In Gollihar, the variance was that the indictment alleged the model number of the go-cart stolen as 136202 whereas the proof at trial was that it was model number 136203. Gollihar, 46 S.W.3d at 244. In each case the court found that the variance was not a "material" variance because each defendant had proper notice of the prohibited conduct they were accused of violating and neither could be subjected to a second trial for the same conduct. Fuller, 73 S.W.3d at 254, Gollihar, 46 S.W.3d at 258.

In determining whether the variance at issue in the matter before us is material we are directed to consider the substantive elements of the criminal offense as defined by

6

state law. Fuller, 73 S.W.3d at 252-53. The elements of an offense are defined as the forbidden conduct with the required culpability. § 1.07(a)(22)(A) & (B). In our case the elements are that appellant intentionally, knowingly or recklessly caused bodily injury to another. § 22.01(a)(1). Also, bodily injury means physical pain, illness, or any impairment of physical condition. § 1.07(a)(8). Therefore, proof that appellant caused bodily injury to the victim intentionally, knowingly or recklessly is sufficient proof to meet the legal sufficiency standard.

When these standards are applied to the case before us, we find that the proof before the jury was that the victim said she was in pain and that appellant had caused the pain by his conduct. The fact that the State alleged a factual method of appellant's causing the pain that was at odds with the proof at trial does not create a material variance. The culpable conduct was alleged in a manner to give appellant notice of the crime he was called upon to defend, an assault of the named victim on the alleged date in question. Further, appellant has never claimed that he did not know that he was defending himself against a charge of assault nor has he ever claimed surprise at the proof or allegations. Finally, since the entire record is reviewed in the case of a claim of double jeopardy, in the event of subsequent prosecution, appellant is not endangered of subsequent prosecution for the same culpable conduct. See United States v. Apodaca, 843 F.2d 421, 430 n.3 (10th Cir.), cert. denied, 488 U.S. 932 (1988). Accordingly, we overrule appellant's first issue.

Factual Sufficiency

When an appellant challenges the factual sufficiency of the evidence supporting his conviction, the reviewing court must determine whether, considering all the evidence in a neutral light, the jury was rationally justified in finding the appellant guilty beyond a reasonable doubt. See Watson v. State, 204 S.W.3d 404, 415 (Tex.Crim.App. 2006). In performing a factual sufficiency review, we must give deference to the fact finder's determinations if supported by evidence and may not order a new trial simply because we may disagree with the verdict. See id. at 417. As an appellate court, we are not justified in ordering a new trial unless there is some objective basis in the record demonstrating that the great weight and preponderance of the evidence contradicts the jury's verdict. See id. Additionally, an appellate opinion addressing factual sufficiency must include a discussion of the most important evidence that appellant claims undermines the jury's verdict. Sims v. State, 99 S.W.3d 600, 603 (Tex.Crim.App. 2003). The Court of Criminal Appeals has recently declared that when reviewing the evidence for factual sufficiency, the reviewing court should measure the evidence in a neutral manner "against a hypothetically correct" jury charge. Vega v. State, No. PD-1615-06, 2008 Tex. Crim. App. LEXIS 1179, at *7 (Tex.Crim.App. Oct. 1, 2008), citing Wooley v. State, No. PD-0861-07, 2008 LEXIS 762, at *1-*2 (Tex.Crim.App. June 25, 2008).

Appellant contends that the most important evidence that leads to the conclusion that the evidence was factually insufficient is the lack of testimony that appellant committed assault by twisting the victim's arm behind her back or grabbing the victim by the throat. There is, however, no dispute that the evidence produced at trial indicates that

8

the appellant grabbed the victim around the waist and squeezed her, while her arms were at her side. Further, there is no dispute that the evidence proved that the victim complained of pain in her shoulder following the assault. It is the fact that the evidence varied from the factual manner and means of committing the assault that appellant contends is fatal in a factual sufficiency review.

Because the evidence must be weighed against a hypothetically correct jury charge, we are compelled to review this evidence as instructed in <u>Fuller</u> and <u>Gollihar</u>. <u>Fuller</u>, 73 S.W.3d at 253, <u>Gollihar</u>, 46 S.W.3d at 257.[4] Thus, we are again faced with the issue of whether the evidence produced at trial is at variance with the charge that is "hypothetically correct." As stated in the section of this opinion dealing with the legal sufficiency of the evidence, a variance in the proof is only material when the appellant was denied notice of the charges that he is called upon to defend or it subjects the appellant to the risk of subsequent prosecution for the same offense. <u>Fuller</u>, 73 S.W.3d at 253, <u>Gollihar</u>, 46 S.W.3d at 257. For the same reasons set forth above, we determine that the variance is not a "material" variance. With this concept in mind, our review of the evidence leads to the conclusion that the jury was rationally justified in finding appellant guilty beyond a reasonable doubt. <u>Watson</u>, 204 S.W.3d at 415. Therefore, we overrule appellant's second issue.

---

[4]We are not the first Court of Appeals to so hold. <u>See</u> <u>Mantooth v. State</u>, No. 06-07-00094-CR, 2008 Tex. App. LEXIS 7259, at *16-*18 (Tex. App.–Texarkana Sept. 30, 2008, no pet. h.).

Records Custodian and State's Exhibit 1

Appellant's third issue concerns the decision of the trial court to allow the testimony of the EMS Custodian of Records and the subsequent admission into evidence of State's Exhibit 1. Appellant contends that the exhibit was not admissible as a statement made for purposes of medical diagnosis or treatment. See TEX. R. EVID. 803(4).

The admissibility of evidence is within the discretion of the trial court and will not be reversed absent an abuse of discretion. Osbourn v. State, 92 S.W.3d 531, 537 (Tex.Crim.App. 2002). If there is evidence supporting the trial court's decision to admit evidence, there is no abuse and the appellate court must defer to that decision. Id. at 538. Even when the trial judge gives the wrong reason for his decision, if the decision is correct on any theory of law applicable to the case it will be sustained. Id.

Our review of the record reveals that, when State's Exhibit 1 was offered, appellant made a general objection based upon hearsay and, further, objected that the exhibit violated his right to confrontation.[5] In his brief before this Court, appellant contends that the State did not produce evidence sufficient to demonstrate that the hearsay statements at issue were made for purposes of medical diagnosis or treatment. However, the record demonstrates that the State established the admissibility of the documents as a record of a regularly conducted activity, pursuant to Rule 803(6), Texas Rules of Evidence. As the exhibit was admissible under this exception to the hearsay rule, the fact that appellant

_____

[5]Appellant has not brought forward his objection based on the right of confrontation and that issue is, therefore, not before us.

10

might be correct about the applicability of the medical diagnosis or treatment exception is not conclusive of the issue. The trial court was correct in admitting the evidence as a record of a regularly conducted activity and therefore, could not have abused its discretion. Id.

## Conclusion

Having overruled appellant's issues, we affirm the judgment of the trial court.


Mackey K. Hancock
Justice

Do not publish.