

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

### No. PD-1615-06

**AARON GARZA VEGA, Appellant**

**v.**

**THE STATE OF TEXAS**

### ON THE STATE'S PETITION FOR DISCRETIONARY REVIEW
### IN CAUSE NO. 13-05-007-CR FROM THE 13TH COURT OF APPEALS
### HIDALGO COUNTY

**HOLCOMB, J., delivered the opinion of the Court, in which KELLER, P.J., and MEYERS, PRICE, WOMACK, JOHNSON, HERVEY, and COCHRAN, JJ., joined. KEASLER, J., concurred in the result.**

The court of appeals held that the evidence adduced at appellant's trial was factually insufficient to support his conviction for capital murder. We vacate and remand.

On January 20, 2003, an Hidalgo County grand jury returned an indictment charging appellant with one count of capital murder and one count of aggravated robbery. *See* Tex. Pen. Code §§ 19.03(a)(2) & 29.03(a)(1). The named victim in each count was Ricardo Cantu.

On September 13, 2004, the State brought appellant to trial before a petit jury. At that trial,

the State sought to prove appellant's guilt, under both counts in the indictment, as a party under Texas Penal Code §§ 7.02(a)(2) and 7.02(b).[1] More specifically, the State presented evidence from which a rational factfinder could conclude that, on August 11, 2002, appellant helped plan, but did not directly participate in, an armed robbery, and that during that armed robbery Ricardo Cantu was shot to death.

At the close of the evidence at the guilt stage, the trial court charged the jury separately on each count in the indictment. The abstract portion of each charge properly explained the law of party liability under both § 7.02(a)(2) and § 7.02(b), but the application paragraph of each charge erroneously applied, to the facts of the case, only the law of parties under § 7.02(a)(2).

During closing argument at the guilt stage, the State explained to the jury that "[t]his defendant is being charged under the law of parties." The State then proceeded to explain in detail the law of party liability under both § 7.02(a)(2) and § 7.02(b).

The jury, after deliberating, returned a general verdict of "guilty" on each count. Because

---

[1] Texas Penal Code § 7.02 provides in relevant part:

(a) A person is criminally responsible for an offense committed by the conduct of another if:

\* \* \*

(2) acting with intent to promote or assist the commission of the offense, he solicits, encourages, directs, aids, or attempts to aid the other person to commit the offense;

\* \* \*

(b) If, in the attempt to carry out a conspiracy to commit one felony, another felony is committed by one of the conspirators, all conspirators are guilty of the felony actually committed, though having no intent to commit it, if the offense was committed in furtherance of the unlawful purpose and was one that should have been anticipated as a result of the carrying out of the conspiracy.

See F. Maloney, et al., Texas Criminal Practice Guide § 121.03 (2008) (discussing the law of party liability).

the State did not seek the death penalty, the trial court assessed appellant's punishment for the capital murder at imprisonment for life. The jury assessed his punishment for the aggravated robbery at imprisonment for thirty years.

On direct appeal, appellant brought three points of error. In his first point of error, he argued that the evidence adduced at his trial was both legally[2] and factually[3] insufficient to support his conviction for capital murder. In his second point of error, he argued that, given the facts of this case, punishing him for both capital murder and aggravated robbery was prohibited by the Double Jeopardy Clause of the Fifth Amendment to the United States Constitution.[4] Finally, in his third point of error, he argued that his trial counsel rendered ineffective assistance, in violation of the Sixth Amendment to the United States Constitution.[5]

In its response brief, the State argued that the evidence adduced at appellant's trial was both legally and factually sufficient to support his conviction for capital murder as a party under Texas Penal Code §§ 7.02(a)(2) and 7.02(b). The State also argued that appellant's trial counsel did not render ineffective assistance. Finally, the State conceded that, given the facts of this case, punishing appellant for both capital murder and aggravated robbery was prohibited by the Double Jeopardy

---

[2] *See Griffin v. State*, 614 S.W.2d 155, 159 (Tex.Crim.App. 1981) (discussing the law of legal sufficiency).

[3] *See Watson v. State*, 204 S.W.3d 404, 414-415 (Tex.Crim.App. 2006) (discussing and reaffirming the law of factual sufficiency).

[4] The Double Jeopardy Clause of the Fifth Amendment was made applicable to state criminal prosecutions by the Due Process Clause of the Fourteenth Amendment. *Benton v. Maryland*, 395 U.S. 784, 794 (1969).

[5] The Assistance of Counsel Clause of the Sixth Amendment was made applicable to state felony prosecutions by the Due Process Clause of the Fourteenth Amendment. *Gideon v. Wainwright*, 372 U.S. 335, 342 (1963).

Clause of the Fifth Amendment.

The court of appeals, by a two-to-one vote, sustained, in part, appellant's first point of error and held that the evidence adduced at his trial was factually insufficient to support his conviction for capital murder as a party under § 7.02(a)(2). *Vega v. State*, 198 S.W.3d 819, 826 (Tex.App.–Corpus Christi 2006). The court of appeals, without explanation, did not consider whether the evidence was factually sufficient to support appellant's conviction for capital murder as a party under § 7.02(b).[6] Given its disposition of appellant's first point of error and given the State's concession with respect to appellant's double-jeopardy claim, the court of appeals: (1) reversed the trial court's judgment pertaining to appellant's capital-murder conviction, (2) declined to render judgment with respect to the trial court's judgment pertaining to appellant's aggravated-robbery conviction, (3) remanded the case to the trial court for a new trial, and (4) declined to reach appellant's second and third points of error. *Id.* at 826-827.

The State later filed a petition for discretionary review containing five grounds for review, four of which we granted.[7] In its first ground for review and accompanying briefing, the State argues

---

[6] Justice Hinojosa, in dissent, argued that the evidence was factually sufficient to support appellant's conviction of capital murder as a party under § 7.02(b) "[b]ecause appellant knew that firearms were being used to facilitate the robbery" and "he should have anticipated that a murder was possible." *Vega v. State*, 198 S.W.3d 819, 828 (Tex.App.–Corpus Christi 2006) (Hinojosa, J., dissenting).

[7] The State's four grounds for review read as follows:

1. "Did the Thirteenth Court of Appeals err by not addressing the State's argument that the evidence was factually sufficient to support Vega's capital murder conviction as a party co-conspirator under Section 7.02(b) of the Penal Code?"

2. "Did the Thirteenth Court of Appeals misapply the standard of review in its

(continued...)

that "[t]he Thirteenth Court of Appeals err[ed] by not addressing [its] argument that the evidence was factually sufficient to support Vega's capital murder conviction as a party co-conspirator under Section 7.02(b) of the Penal Code." Appellant argues in response that "the Court of Appeals was correct in not addressing factual sufficiency under 7.02(b)" because the jury charge "did not include an [application paragraph] applying . . . 7.02(b) liability to the facts [of the] case."

An appellate court assesses the factual sufficiency of the evidence to support a conviction by the elements of the offense as defined by the hypothetically correct jury charge for the case. *Wooley v. State*, No. PD-0861-07, ___S.W.3d___, ___ (Tex.Crim.App.–June 25, 2008), slip op. at 13. "Such a charge [is] one that accurately sets out the law, is authorized by the indictment, does not unnecessarily increase the State's burden of proof or unnecessarily restrict the State's theories of liability, and adequately describes the particular offense for which the defendant was tried." *Malik v. State*, 953 S.W.2d 234, 240 (Tex.Crim.App. 1997). If the hypothetically correct jury charge for the case would authorize the jury to convict on alternative theories of liability, then the appellate court must deem the evidence sufficient if it is sufficient under any of the theories of liability. *See Rabbani v. State*, 847 S.W.2d 555, 558-559 (Tex.Crim.App. 1992); G. Dix & R. Dawson, *Texas Practice: Criminal Practice and Procedure* § 31.93 (2nd ed. 2001).

Given the nature of appellant's indictment and trial, recounted above, there is no question

---

[7](...continued)
finding of factual insufficiency under Section 7.02(a)(2)?"

3. "May a court of appeals base a finding of factual insufficiency in part on impeachment evidence?"

4. "Should the absence of direct evidence of intent tip the factual sufficiency balancing scale in favor of the appellant where circumstantial evidence and reasonable inferences from that evidence support the guilty verdict?"

that the hypothetically correct jury charge for this case would have authorized the jury to convict appellant of capital murder as a party under Texas Penal Code § 7.02(a)(2) or § 7.02(b). Contrary to appellant's argument here, it is irrelevant in a sufficiency review that the application paragraph of the charge actually given erroneously applied only the law of parties under § 7.02(a)(2). *Grissam v. State*, No. PD-1532-07, ___S.W.3d___, ___ (Tex.Crim.App.–Sept. 10, 2008), slip op. at 3. Thus, the court of appeals was required to deem the evidence factually sufficient to support appellant's conviction for capital murder if the evidence was factually sufficient under either theory of party liability. Yet, the court of appeals deemed the evidence factually insufficient without assessing the factual sufficiency of the evidence under § 7.02(b). In failing to do so, the court of appeals erred. We therefore sustain the State's first ground for review. In light of our disposition of the State's first ground for review, we dismiss the State's remaining grounds for review.

We vacate the judgment of the court of appeals and remand the case to that court so that it may assess the factual sufficiency of the evidence to support appellant's conviction for capital murder as a party under § 7.02(b). If the court of appeals determines that the evidence is factually sufficient to support appellant's conviction for capital murder as a party under § 7.02(b), then that court will proceed to address appellant's remaining points of error.

DELIVERED OCTOBER 1, 2008

PUBLISH