NO. 07-08-0029-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

JUNE 23, 2009
_____

GARY RAFEAL ALLEN, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE
_____

FROM THE CRIMINAL DISTRICT COURT NO. 3 OF TARRANT COUNTY;

NO. 1027513D; HONORABLE ELIZABETH BERRY, JUDGE
_____

Before CAMPBELL and HANCOCK and PIRTLE, JJ.

**MEMORANDUM OPINION**

Appellant, Gary Rafeal Allen, appeals his conviction for the offense of possession of a controlled substance, cocaine, of four grams or more but less than 200 grams with intent to deliver,[1] enhanced by one prior felony conviction.[2]  Appellant was sentenced to 20 years incarceration in the Institutional Division of the Texas Department of Criminal Justice.  We affirm.

---

[1] See Tex. Health & Safety Code Ann. § 481.112(a) & (d) (Vernon 2003).

[2] See Tex. Penal Code Ann. § 12.42(c)(1) (Vernon Supp. 2008).

Factual and Procedural Background

On February 10, 2006, Officer Chavez of the Arlington Police Department was transporting a prisoner to jail when he passed a car in the driveway to a bar parking lot. From Chavez's perspective, a male, later identified as appellant, and a female, later identified at Carolyn Hill, were having an altercation and the male appeared to be trying to either keep the female from leaving or pulling her into the car. Chavez felt that the situation might be a domestic assault in progress. Chavez turned his patrol car around and pulled into the parking lot to investigate.

As Chavez approached the vehicle in the parking lot, he observed appellant reaching through the passenger window. Chavez ordered appellant to step away from the car. Appellant complied and raised his hands to show that he did not have a weapon. Chavez asked appellant and Hill for some identification and, while the identification was being produced, both appellant and Hill advised that there was nothing wrong and that the two of them had just been having an argument. After obtaining identification from appellant and Hill, Chavez returned to his vehicle to check for outstanding warrants.

As Chavez was checking for warrants in his vehicle, Officer Worman arrived on the scene. Worman testified that it is standard procedure to send a backup unit to any suspected assaultive type police call. Worman was briefed by Chavez about what was transpiring. Worman then started approaching appellant and Hill, who were both seated in their vehicle, when he noticed appellant take a baggy out of the cargo pocket of his shorts and hide it behind the seat. Worman immediately ordered appellant from the

2

vehicle and asked Officer Rhodes, who had also just arrived on the scene, to take custody of appellant while Worman retrieved the baggy from behind the driver's seat. After retrieving the baggy, Worman began talking to Hill when appellant made a statement claiming that the cocaine was his and that Hill had nothing to do with it.

Appellant was placed under arrest and, while being searched incident to the arrest, a baggy of marijuana was found in one of his pockets. Additionally, $1,653 in cash was found on appellant.

Before trial, appellant filed a motion to suppress the evidence seized at the scene. The trial court conducted a hearing on the motion to suppress and denied the same. Later, the trial court filed findings of fact and conclusions of law regarding the seizure. After the close of the evidentiary portion of the guilt or innocence phase of the trial, appellant requested the trial court give a charge to the jury pursuant to article 38.23 of the Texas Code of Criminal Procedure, which the trial court denied.[3] The jury found appellant guilty of possession of a controlled substance, cocaine, of four grams or more but less than 200 grams with the intent to deliver. The same jury subsequently sentenced appellant to 20 years incarceration in the Institutional Division of the Texas Department of Criminal Justice.

Through three issues, appellant contends that: 1) the trial court abused its discretion in overruling the motion to suppress the evidence seized, 2) the trial court abused its discretion in denying appellant's requested jury instruction pursuant to article 38.23 of the

_____

[3] See TEX. CRIM. PROC. CODE ANN. art. 38.23 (Vernon 2005). Further reference to the Texas Code of Criminal Procedure will be by citation to "article ___" or "art. ___."

3

Texas Code of Criminal Procedure, and 3) the evidence was legally and factually insufficient to prove possession of cocaine with intent to deliver.[4] We disagree with appellant's contentions and will affirm the trial court's judgment.

## Motion to Suppress

Appellant's first issue contends that the trial court abused its discretion by overruling his motion to suppress. Through a pre-trial motion to suppress, appellant contends that the cocaine was seized in violation of his rights under the 4th amendment to the United States Constitution and Article I, Section 9, of the Texas Constitution. See U.S. CONST. amend. IV; TEX. CONST. art. I, § 9. According to appellant, because the cocaine was seized in violation of his constitutional rights, the trial court abused its discretion by overruling his motion to suppress under the provisions of article 38.23.

### Standard of Review

A trial court's ruling on a motion to suppress is reviewed for abuse of discretion. See Oles v. State, 993 S.W.2d 103, 106 (Tex.Crim.App. 1999). Whether the trial court abused its discretion depends upon whether, given the record and the law, its decision fell outside the zone of reasonable disagreement. See Benitez v. State, 5 S.W.3d 915, 918 (Tex.App.–Amarillo 1999, pet. ref'd).

---

[4] Appellant's brief simply states that the evidence was insufficient to support the jury's verdict of possession of cocaine with intent to deliver. However, we will treat this as a contention of legal and factual insufficiency.

Our review of the trial court's ruling on the motion to suppress is conducted as a bifurcated review. See Amador v. State, 221 S.W.3d 666, 673 (Tex.Crim.App. 2007). The trial judge is the sole trier of fact and judge of the credibility of the witnesses and the weight to be given their testimony. See Wiede v. State, 214 S.W.3d 17, 24-25 (Tex.Crim.App. 2007). The reviewing court must, therefore, give almost total deference to the trial court's ruling on questions of historical fact and application of law-to-fact questions that turn on an evaluation of credibility and demeanor. See Amador, 221 S.W.3d at 673. When application of law-to-fact questions do not turn on the credibility and demeanor of the witnesses, the reviewing court reviews the trial court's rulings on a *de novo* basis. See id.

In the case at bar, the trial court made findings of fact and conclusions of law regarding its ruling on appellant's motion to suppress. These findings and conclusions provide a basis for our review of the trial court's application of the law to the facts. See Rodriguez v. State, 919 S.W.2d 136, 139 (Tex.App.–San Antonio 1995, no pet.).

Analysis

Initially, we observe that the trial court made the following findings of fact and conclusions of law regarding the motion to suppress:

Findings of Fact

1. On February 10, 2006, Officer J. Chavez of the Arlington Police Department was traveling down South Cooper Street in Arlington, Tarrant County, Texas when he saw the Defendant trying to hold onto a black female. It appeared to Officer Chavez that the Defendant was either trying to hold onto the female or was trying to get the female into a vehicle.

5

2. Officer Chavez stopped to investigate a possible assault. When Officer Chavez stopped, the female was seated in the driver's side of a vehicle and the Defendant was entering the passenger side of the same vehicle. Officer Chavez spoke to both the Defendant and the female and obtained their identification. Officer Chavez returned to his patrol car to run the identification through his car computer. During this time, the defendant was seated in the passenger seat of the vehicle and the female was seated in the driver's seat of the vehicle.

3. While Officer Chavez was running the identification through his in car computer, Officer B. Worman arrived to assist. Officer Worman approached the passenger side of the vehicle where the Defendant was seated. As Officer Worman approached, he heard the Defendant saying Baby, Baby, Baby and saw the Defendant pull a baggy containing a white powder substance out of his pocket and attempt to conceal it. Based upon what he observed, Officer Worman believed the Defendant was concealing a Controlled Substance. Officer Worman retrieved the baggy and recognized the contents to be Cocaine based upon his training and experience. The Defendant was placed under arrest for Possession of a Controlled Substance with Intent to Deliver.

4. After the Defendant was arrested, Officer Worman spoke with the female regarding the possible assault that Officer Chavez had observed prior to stopping and the Controlled Substance. While Officer Worman was speaking with the female or immediately thereafter, the Defendant stated the Cocaine was his and that the female had nothing to do with it. When the Defendant made this statement, no police officer was asking him questions. No police officer made any statements to the Defendant to elicit the Defendant's statement that the Cocaine was his and the female had nothing to do with it.

The trial court also entered the following conclusions of law, applicable to the seizure of

the cocaine:

1. Based upon his observations, Officer Chavez had reasonable suspicion to believe that the Defendant had committed or was committing the offense of assault.

2. Based upon his observations, Officer Chavez was entitled to conduct a temporary detention of the Defendant and the female.

6

3. Officer Chavez acted diligently to confirm or dispel his suspicions in a reasonable length of time.

4. During the lawful, temporary detention, Officer Worman observed in plain view from a lawful vantage point the Controlled Substances that the Defendant attempted to conceal.

5. The Controlled Substances were not seized in violation of any provision of the United States Constitution, the Texas Constitution or the Texas Code of Criminal Procedure.

6. The Controlled Substances are admissible as a matter of law and fact.

Initially, we observe that the findings of fact regarding the actions of Chavez and Worman are supported by each officer's testimony. Therefore, the trial court must have found the officer's testimony believable. Which is to say, the decision of the trial court turned in large measure upon the trial court's determination of credibility based upon observations of each witnesses' demeanor. Therefore, the finding is entitled to almost total deference by this reviewing court. Amador, 221 S.W.3d at 673. We review the actions of the officers from the standpoint of an objectively reasonable person so situated as was the police officer to determine if the historical facts, as found by the trial court, could amount to "reasonable suspicion" sufficient to justify an investigatory detention. Ornelas v. United States, 517 U.S. 690, 696-99, 116 S.Ct. 1657, 1661-62, 134 L.Ed.2d 911 (1996).

The actions of Chavez, as found by the trial court and supported in the record, reflect that an officer observed what he believed to be an assault in progress. The officer investigated. Despite being told by the appellant and Hill that there was no problem, Chavez wanted to make sure so he requested identification. Initially, we must determine if Chavez had reasonable suspicion to initiate the detention. Using the test as set forth in

Ornelas and applying it to the facts, as found by the trial court, we conclude that Chavez did, in fact, have reasonable suspicion to justify the initial detention. Id. The trial court concluded, and the record supports, that Chavez's action of trying to verify identification and checking for warrants was reasonable and did not unduly prolong the detention. For purposes of appellate review, the question is did the police diligently pursue a means of investigation that would confirm or dispel their suspicions. See Kothe v. State, 152 S.W.3d 54, 64 (Tex.Crim.App. 2004). Our review of the record leads to the conclusion that Chavez diligently pursued a means to confirm or dispel his suspicions. Therefore, the detention in question was not so long as to become constitutionally prohibited. Id. Inasmuch as the initial detention was legal, the subsequent seizure of the cocaine, located in plain view, was also legal. See Walter v. State, 28 S.W.3d 538, 541 (Tex.Crim.App. 2000) (finding that the plain view doctrine requires only that: 1) the officer has a right to be where he is, 2) the doctrine not be used as a pretext, and 3) it be immediately apparent that the item seized constitutes evidence). Having found reasonable suspicion for Chavez to initially have detained appellant, Worman had a right to be where he was and he immediately recognized the baggy as containing contraband. Accordingly, the trial court did not abuse its discretion in overruling appellant's motion to suppress the evidence. See Oles, 993 S.W.2d at 106. Appellant's first issue is overruled.

8

Article 38.23 Jury Charge Error

Standard of Review

Appellant next contends that the trial court committed reversible error when it refused appellant's request for an instruction to the jury pursuant to article 38.23. See art. 38.23. When reviewing alleged charge error, a reviewing court conducts what is essentially a two-part inquiry. First, we determine whether error exits. Druery v. State, 225 S.W.3d 491, 504 (Tex.Crim.App. 2007) (citing Almanza v. State, 686 S.W.2d 157, 171-72 (Tex.Crim.App. 1985)). If error exists, then we review to determine whether the error caused sufficient harm to require reversal. Id. The degree of harm required to cause reversal depends upon whether the error was preserved. Id. Error properly preserved will require reversal as long as the error is not harmless. Id. See Almanza, 686 S.W.2d at 171. This requirement has been held to mean that any harm, regardless of degree, is sufficient to require reversal. See Arline v. State, 721 S.W.2d 348, 351 (Tex.Crim.App. 1986).

In order to be entitled to a jury instruction on article 38.23(a), an appellant must meet three requirements:

(1) The evidence heard by the jury must raise an issue of fact;

(2) The evidence on that fact must be affirmatively contested; and

(3) That contested factual issue must be material to the lawfulness of the challenged conduct in obtaining the evidence.

Madden v. State, 242 S.W.3d 504, 510-12 (Tex.Crim.App. 2007).

9

<u>Analysis</u>

Appellant contends that the evidence produced at trial raises a fact issue, however, our review of the evidence does not support appellant's contention. The crux of appellant's argument is that the officers involved gave conflicting testimony at the suppression hearing and before the jury. This does not raise a contested factual issue for two reasons: 1) assuming there was some sort of conflict between the versions of the officers' testimony, the jury did not hear the testimony at the suppression hearing and, therefore, that could not create a fact issue and 2) appellant's argument is truly directed at the legal effect of the testimony the court heard during both the suppression hearing and the trial on the merits. During the trial, appellant never affirmatively contested the facts of the initial detention by Chavez, rather, he contested the conclusion Chavez drew from what he observed. This is not an issue for an article 38.23 instruction for it deals with a question of law, specifically whether or not the factual observations of Chavez amounted to reasonable suspicion that an assaultive offense was occurring. <u>See</u> <u>Id</u>. at 510-11. Accordingly, the trial court was correct in denying appellant's request for a jury instruction pursuant to article 38.23. Therefore, appellant's second issue is overruled.

Legal and Factual Sufficiency

Appellant next contends that the evidence is legally and factually insufficient to prove that he possessed the cocaine with the intent to deliver.

10

<u>Standard of Review</u>

Appellant challenges both legal and factual sufficiency. Therefore, we are required to conduct an analysis of the legal sufficiency of the evidence first and then, only if we find the evidence to be legally sufficient, do we analyze the factual sufficiency of the evidence. See <u>Clewis v. State</u>, 922 S.W.2d 126, 133 (Tex.Crim.App. 1996).

In assessing the legal sufficiency of the evidence, we review all the evidence in the light most favorable to the verdict to determine whether any rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. <u>Jackson v. Virginia</u>, 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); <u>Ross v. State</u>, 133 S.W.3d 618, 620 (Tex.Crim.App. 2004). In conducting a legal sufficiency review, an appellate court may not sit as a thirteenth juror, but rather must uphold the jury's verdict unless it is irrational or unsupported by more than a mere modicum of evidence. <u>Moreno v. State</u>, 755 S.W.2d 866, 867 (Tex.Crim.App. 1988). We measure the legal sufficiency of the evidence against a hypothetically correct jury charge. See <u>Malik v. State</u>, 953 S.W.2d 234, 240 (Tex.Crim.App. 1997).

When an appellant challenges the factual sufficiency of the evidence supporting his conviction, the reviewing court must determine whether, considering all the evidence in a neutral light, the jury was rationally justified in finding the appellant guilty beyond a reasonable doubt. See <u>Watson v. State</u>, 204 S.W.3d 404, 415 (Tex.Crim.App. 2006). In performing a factual sufficiency review, we must give deference to the fact finder's determinations if supported by evidence and may not order a new trial simply because we

may disagree with the verdict. See id. at 417. As an appellate court, we are not justified in ordering a new trial unless there is some objective basis in the record demonstrating that the great weight and preponderance of the evidence contradicts the jury's verdict. See id. Additionally, an appellate opinion addressing factual sufficiency must include a discussion of the most important evidence that appellant claims undermines the jury's verdict. Sims v. State, 99 S.W.3d 600, 603 (Tex.Crim.App. 2003). The Court of Criminal Appeals has recently declared that, when reviewing the evidence for factual sufficiency, the reviewing court should measure the evidence in a neutral manner against "a hypothetically correct" jury charge. Vega v. State, 267 S.W.3d 912, 915 (Tex.Crim.App. 2008) (citing Wooley v. State, 273 S.W.3d 260, 260-61 (Tex.Crim.App. 2008)).

Legal Sufficiency Analysis

Appellant's sole issue regarding the legal sufficiency of the evidence is that the evidence does not prove that he possessed the cocaine with the intent to deliver. In fact, appellant admitted possession, but claimed that the possession was for personal use and to share with his friends. He denied adamantly that the possession had anything to do with a desire to sell cocaine to his friends.

Against appellant's evidence, the State produced evidence that showed that the amount of contraband in question was 38 grams in weight, including the plastic baggy. The laboratory reported that the weight of the cocaine was 35.64 grams, not including the baggy. Further, the record reflects that $1,653 was recovered from appellant. The entire amount of the cocaine seized was packaged in one baggy, as opposed to small individual

12

dose size packets.  At least three officers testified that, based upon their experience and training, appellant was possessing the cocaine with the intent to deliver.  One of the officers, a narcotics task force member, stated that cocaine packaged for individual use was normally packaged in 1 gram or 1/10th gram packets.  Intent to deliver may be proved by circumstantial evidence.  Rhodes v. State, 913 S.W.2d 242, 251 (Tex.App.–Fort Worth 1995), aff'd, 945 S.W.2d 115 (Tex.Crim.App. 1997).  The fact that appellant was arrested with what several officers termed "a large amount of cocaine" together with how the cocaine was packaged and that appellant had on his person a large amount of cash are factors to be considered in determining intent to deliver.  See Jordan v. State, 139 S.W.3d 723, 726 (Tex.App.–Fort Worth 2004, no pet.).  Additionally, expert testimony may be introduced to prove intent to deliver.  Id.  When we review all of the above evidence in the light most favorable to the jury's verdict, we cannot say that the jury acted irrationally in finding that the appellant possessed cocaine with the intent to deliver.  Accordingly, appellant's issue regarding the legal sufficiency of the evidence is overruled.

Factual Sufficiency Analysis

This same evidence, even when viewed in a neutral light, still leads to the conclusion that the jury was acting rationally when it found appellant guilty beyond a reasonable doubt of possession of cocaine with intent to deliver.  Watson, 204 S.W.3d at 415.  We are required to discuss the evidence that appellant contends casts doubt on the jury's decision.  See Sims, 99 S.W.3d at 603.  Appellant insists that his testimony about having the drugs to "share with," as opposed to "sell to," friends logically explains why he had such a large amount of drugs.  Further, appellant asserts that he explained where he

13

got the money the police found on his person. If believed, all of these statements might defeat the possession with intent to deliver element.[5] However, it was up to the jury to believe or disbelieve the testimony of appellant. Watson, 204 S.W.3d at 417. The jury observed appellant testifying and was in position to judge his demeanor and credibility and we are to give appropriate deference to the jury's determination. Id. When we apply these principles to the facts before us, we find that the jury's decision to convict appellant of possession with intent to deliver was not irrational. Id. at 415. Therefore, we overrule appellant's issue regarding the factual sufficiency of the evidence to prove intent to deliver.

Conclusion

Having overruled all of appellant's issues, we affirm the judgment of the trial court.


Mackey K. Hancock
Justice

Do not publish.

_____

[5] Moreover, the premise of appellant's contention is faulty. The concept of "delivery" includes sharing drugs with third parties and is not limited to commercial ventures. Johnson v. State, No. 03-07-00230-CR, 2007 WL 3306582, (Tex.App.–Austin, Nov. 9, 2007, no pet.) (mem. op.) (not designated for publication); Fontenot v. State, 792 2nd 250, 256 (Tex.App.–Dallas 1990, no pet.). See TEX. HEALTH & SAFETY CODE ANN. § 481.002(8) (Vernon Supp. 2008) (defining "deliver").

14