NO. 07-08-0324-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

AUGUST 26, 2009
_____

LOUIS MARTINEZ GARZA, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE
_____

FROM THE 108TH DISTRICT COURT OF POTTER COUNTY;

NO. 56,718-E; HONORABLE ABE LOPEZ, JUDGE
_____

Before CAMPBELL and HANCOCK and PIRTLE, JJ.

**MEMORANDUM OPINION**

Appellant, Louis Martinez Garza, was indicted for the offense of failure to register as a sex offender,[1] enhanced by allegations of two prior felony convictions. Appellant was convicted of the indicted offense and the jury assessed his punishment, after finding both enhancement paragraphs true, at confinement in the Institutional Division of the Texas Department of Criminal Justice (ID-TDCJ) for 25 years. Appellant appeals that conviction

_____

[1]See TEX. CODE CRIM. PROC. ANN. arts. 62.051(a) & 62.102(a) (Vernon 2006)

alleging that the evidence was legally and factually insufficient to support the judgment of conviction. We disagree and affirm the trial court's judgment.

## Factual Background

Appellant was arrested on October 4, 2007, by officers of the Amarillo Police Department. Testimony at trial did not reveal why the officers were in the neighborhood where they encountered appellant, however, after encountering appellant, the police officer was verifying identification data provided by appellant when the officer was informed that appellant was subject to registration requirements as a sexual offender. Appellant agreed to accompany the officer to the Amarillo Police Department for further questioning regarding his status as a sex offender. After arriving at the police department headquarters, appellant was interviewed by two detectives. Upon concluding this interview, appellant gave a statement. In appellant's statement, he acknowledged being advised by representatives of the ID-TDCJ about his requirement to register as a sex offender. According to appellant's statement, when appellant was released from the ID-TDCJ on June 19, 2007, he took a bus to Denver, Colorado, instead of coming to Amarillo. After leaving Denver, appellant stated that he traveled for several weeks with a carnival ending up in Childress, Texas. After a couple of weeks in Childress, appellant stated he took a Greyhound Bus to Amarillo on September 9, 2007. A bus ticket for the appropriate date from Childress to Amarillo was found among appellant's personal effects. Appellant stated in his statement that he only stayed in Amarillo for one day before leaving to undisclosed towns and cities. Finally, appellant's statement indicates that he had only returned to Amarillo within the previous three or four days and that he was planning on leaving Amarillo

for Waco, Texas, on the date of his arrest. Appellant's statement was introduced before the jury at his trial.

The State produced the testimony of a juvenile, A.A., who lived near where the police first encountered appellant. A.A. testified that she had seen appellant every day for the month prior to his arrest at the home of one of her friends. A.A. was subject to cross-examination by appellant's counsel and, although she could not state for certain the date appellant began staying at her friend's house, she was certain that he stayed there for at least a month.

Through a series of other witnesses, the State produced testimony that appellant had been advised about the requirements for registration as a sex offender and that appellant had previously registered as a sex offender when released from prison on a prior sexual assault case.

After hearing the evidence, the jury found appellant guilty of failure to register as a sex offender and, further, the jury found both enhancement paragraphs of the indictment true. Appellant was then sentenced to 25 years confinement in the ID-TDCJ. It is from this judgment that appellant appeals alleging that the evidence is legally and factually insufficient. We find the evidence is sufficient and affirm the judgment of the trial court.

Standard of Review

Since appellant challenges both legal and factual sufficiency, we are required to conduct an analysis of the legal sufficiency of the evidence first and then, only if we find

the evidence to be legally sufficient, do we analyze the factual sufficiency of the evidence. See Clewis v. State, 922 S.W.2d 126, 133 (Tex.Crim.App. 1996).

In assessing the legal sufficiency of the evidence, we review all the evidence in the light most favorable to the verdict to determine whether any rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); Ross v. State, 133 S.W.3d 618, 620 (Tex.Crim.App. 2004). In conducting a legal sufficiency review, an appellate court may not sit as a thirteenth juror, but rather must uphold the jury's verdict unless it is irrational or unsupported by more than a mere modicum of evidence. Moreno v. State, 755 S.W.2d 866, 867 (Tex.Crim.App. 1988). We measure the legal sufficiency of the evidence against a hypothetically correct jury charge. See Malik v. State, 953 S.W.2d 234, 240 (Tex.Crim.App. 1997).

When an appellant challenges the factual sufficiency of the evidence supporting his conviction, the reviewing court must determine whether, considering all the evidence in a neutral light, the jury was rationally justified in finding the appellant guilty beyond a reasonable doubt. See Watson v. State, 204 S.W.3d 404, 415 (Tex.Crim.App. 2006). In performing a factual sufficiency review, we must give deference to the fact finder's determinations if supported by evidence and may not order a new trial simply because we may disagree with the verdict. See id. at 417. As an appellate court, we are not justified in ordering a new trial unless there is some objective basis in the record demonstrating that the great weight and preponderance of the evidence contradicts the jury's verdict. See id. Additionally, an appellate opinion addressing factual sufficiency must include a discussion

4

of the most important evidence that appellant claims undermines the jury's verdict. <u>Sims v. State</u>, 99 S.W.3d 600, 603 (Tex.Crim.App. 2003). The Court of Criminal Appeals has recently declared that, when reviewing the evidence for factual sufficiency, the reviewing court should measure the evidence in a neutral manner "against a hypothetically correct" jury charge. <u>Vega v. State</u>, 267 S.W.3d 912, 915 (Tex.Crim.App. 2008) (<u>citing</u> <u>Wooley v. State</u>, 273 S.W.3d 260, 268 (Tex.Crim.App. 2008)).

<u>Legal Sufficiency</u>

In order to prove appellant guilty of the offense, as charged in the indictment, the State was required to prove that: 1) appellant, 2) on or about October 4, 2007, 3) in Potter County, Texas, 4) was a person required to register with the municipality, Amarillo, Texas, 5) where appellant resided or intended to reside for more than seven days, 6) because of two reportable convictions for sexual assault. <u>See</u> Tex. Code Crim. Proc. Ann. art. 62.051(a); <u>Malik</u>, 953 S.W.2d at 240.

Appellant contests the legal sufficiency of the evidence only on the issue of whether or not the evidence was sufficient to show that he resided or intended to reside in Amarillo for more than seven days, as of the date of his arrest. Because appellant's statement was that he had only been in Amarillo for three or four days prior to his arrest and was leaving for Waco the day of his arrest, it is his contention that the evidence is not sufficient.

The following evidence was received by the jury at trial: 1) appellant was released from ID-TDCJ on June 17, 2007; 2) he had been convicted of two sexual assault cases that resulted in his imprisonment; 3) the offenses that appellant was convicted of require

5

him to register as a sex offender; 4) prior to his release, appellant had completed two TDCJ forms, the "Pre-Release Notification" and "Sex Offenders Verification," wherein appellant indicated that he would be residing in Amarillo, Texas, upon release; 5) appellant went directly to Denver, Colorado, where he stayed approximately two months; 6) after leaving Denver, appellant ended up in Childress, Texas; 7) appellant left Childress, Texas, on a Greyhound Bus on September 9, 2007; 8) appellant was arrested on October 4, 2007, and 9) A.A. testified that as of the date of appellant's arrest she had been seeing him at her friend's house for about a month.

Applying the test of viewing the evidence in the light most favorable to the jury's verdict, it is our opinion that the evidence is legally sufficient. Jackson, 443 U.S. at 319; Ross, 133 S.W.3d at 620. Even though appellant's statement and the testimony of A.A. were in conflict, we must remember that it is up to the jury to resolve those sorts of conflicts in the evidence. Jones v. State, 944 S.W.2d 642, 647 (Tex.Crim.App. 1996). Likewise, the jury is the sole judge of the credibility of the witnesses and the weight and value to be give the evidence. Id. When we apply these principles to the evidence before us, we cannot say that the jury's verdict was irrational, therefore, the evidence was legally sufficient. Jackson, 443 U.S. at 319; Ross, 133 S.W.3d at 620. We overrule appellant's first issue.

Factual Sufficiency

Having concluded that the evidence was legally sufficient, we now turn to the issue of the factual sufficiency of that same evidence. Clewis, 922 S.W.2d at 133. It is clear

that, when we view the evidence in a neutral light, which we must in a factual sufficiency review, the evidence still demonstrates appellant's guilt beyond a reasonable doubt. Watson, 204 S.W.3d at 415. After the jury completed their assigned task of reviewing the evidence and making its decision, we cannot grant the jury's decision the type of deference it deserves and concurrently find that there is any objective basis upon which to find the evidence factually insufficient. Id. Appellant would have us declare that A.A.'s testimony was not reliable and, therefore, the proof was lacking regarding whether or not appellant had been in Amarillo for more than seven days. However, we are not willing to do so. It was the jury's function to listen to the evidence and decide what was believable and what was not. Id. Since the jury resolved that issue against appellant by returning a verdict of guilty, we see nothing in the record that indicates the jury was not rationally justified in finding appellant guilty. Id. Therefore, appellant's second issue is overruled.

Conclusion

Having overruled appellant's issues, we affirm the judgment of the trial court.

Mackey K. Hancock
Justice

Do not publish.