NO. 07-08-0515-CR

 

IN THE COURT OF
APPEALS

 

FOR THE SEVENTH
DISTRICT OF TEXAS

 

AT AMARILLO

 

PANEL B

 

FEBRUARY 3, 2010

 

________________________

 

JAMMIE LEE MOORE,
APPELLANT

 

V. 

 

THE STATE OF TEXAS,
APPELLEE

 

_________________________

 

FROM THE 108TH
DISTRICT COURT OF POTTER COUNTY;

 

NO. 55,555-E;
HONORABLE PATRICK A. PIRTLE, JUDGE

 

____________________________

 

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

 

 

MEMORANDUM OPINION

            Appellant,
Jammie Lee Moore, was convicted of possession of a
controlled substance, methamphetamine, in an amount of more than 4 grams but
less than 200 grams.[1]  The jury found that the possession occurred
within a drug free zone.[2]  After finding the enhancement allegations
contained within the indictment true, the jury assessed appellant’s punishment
at confinement in the Institutional Division of the Texas Department of Criminal Justice (ID-TDCJ) for
30 years.  Appellant appeals contending
that the evidence is legally and factually insufficient to support the
conviction.  We affirm.

Factual Background

            On
April 6, 2007, appellant and his girlfriend, Maria Antionette
Garcia (Garcia), went to spend the evening and night at a motel in
Amarillo.  After arriving at the motel, at
the suggestion of appellant, they went to a bar in Amarillo known as “No Dogs
Allowed.”  They went to the bar,
according to Garcia, so that appellant could meet someone.  Upon arriving at the bar, the person
appellant was to meet was not present. 
Drinks were ordered and appellant walked away from the bar to talk on
his cell phone.  When the drinks were
served, Garcia tipped the bartender a dollar from the change.  This made appellant angry and words were
exchanged with Garcia.  Garcia got up and
went outside the bar.  Upon exiting the
bar, appellant pushed Garcia down to the ground.  Appellant then continued to yell at
Garcia.  

            After leaving the bar, appellant and Garcia went back to the motel,
where appellant continued to yell at her.  Appellant was again unable to contact the
person he was to meet and, in a fit of anger, kicked a table that struck
Garcia.  Following this, the two packed
their belongings and went back to the house at 938 Dahlia Street in Amarillo.  Once they returned to the house, appellant
dropped Garcia off and left in his vehicle. 


            When
Garcia thought appellant had left, she placed a 911 call and reported
appellant’s assault and told the 911 operator that appellant is in a green
vehicle and has a weapon.  While Garcia
was talking to the 911 operator, she heard appellant come back to the house and
hung up the phone.  The 911 operator
called back and Garcia answered and hung the phone up, telling appellant that
it was a wrong number.  Garcia testified
she did this because appellant was standing right in front of her and she was
afraid of him.

            Within
a matter of moments, the Amarillo police arrived at the residence.  Officer Moore testified that, as he
approached the door, he heard shouting and a woman’s scream.  When Moore knocked on the door, Garcia came
through it stating “He’s inside.” 
Officer Moore could see appellant in the hallway immediately adjacent to
the living room.  Moore quickly detained
appellant and placed him in the backseat of his patrol car.  Moore testified that he got appellant’s
identifying information and, during the process, appellant stated that the
green car was his.  Moore further
testified that he saw a methamphetamine pipe sitting on a table in the living
room.  He also observed a small black bag
sitting on the same table.  Because the
call was initially regarding a domestic dispute, Moore interviewed Garcia and
took a statement from her.  From his
interview with Garcia, Moore learned that there was a gun and narcotics in the
house.  Garcia told Moore that the gun
and narcotics belonged to appellant. 
Moore then collected the evidence. 
He found the gun in the kitchen in a zipper bag sitting on a counter.  When Moore opened the black case he found on
the living room table, it contained what he thought to be methamphetamine,
marijuana, digital scales, plastic baggies, and batteries.

            After
Moore had collected the evidence, he went to his patrol car to put the evidence
in the trunk of his patrol car.  During
this time, appellant was yelling at Moore and, after he deposited the evidence
in the trunk, Moore sat in the driver’s seat and opened the sliding window to
the back seat.  At this time, appellant
stated that the gun and methamphetamine found in the house did not belong to
him.  Appellant further stated that the
drugs and gun belonged to Garcia and he was just “peddling” the dope for
her.  Appellant was subsequently arrested
for possession of a controlled substance.

            During
the trial, the State produced the testimony of the Amarillo Police Department
employee that took the evidence into custody and subsequently delivered it to
the Department of Public Safety lab.  The
director of the lab testified that testing showed that the contents of the
three baggies, suspected to be methamphetamine, did test positive as methamphetamine
with a total weight of 63.31 grams.  The
larger sample was found to contain a high level of a cutting agent, whereas the
two smaller samples contained substantially more pure methamphetamine.  Also testifying for the State was Deputy
Christy Phillips of the Potter County Sheriff’s Office.  As part of Phillips’s duties, she supervises
inmate telephone calls.  Phillips
testified that all calls from the Potter County Detention Center are
recorded.  She then identified State’s
exhibit 20 as a CD of telephone calls made by appellant.  The exhibit was partially played for the
jury.  Among the subjects discussed by
appellant in the telephone calls was that he had kicked a table that hurt
Garcia’s leg.  Further, appellant
acknowledged that one of the bags of contraband weighed 47 to 48 grams and that
half of it was fake. 
Appellant also acknowledged using the scales to weigh the larger bag.

            After
the State presented its evidence, appellant presented the testimony of the
manager of the motel where Garcia claimed that she and appellant checked
in.  The witness testified that the
records of the motel did not reveal anyone checking in on the day in question
under appellant’s or Garcia’s name. 
Further, Garcia had testified that the table appellant kicked, which
struck her leg, was a glass topped table. 
The manager stated that the motel had no glass top tables in any of the
rooms of the motel.  

            After
receiving the court’s charge, the jury found appellant guilty of the offense of
possession of methamphetamine of at least four grams but less than 200 grams
and found that the possession occurred in a drug free zone.  Subsequently, having found that both
enhancement paragraphs of the indictment were true, the jury assessed
appellant’s punishment at confinement in ID-TDCJ for 30 years.  Appellant appeals the judgment contending
that the evidence is legally and factually insufficient to connect him to the
methamphetamine in question.  We will
affirm.

Sufficiency of the
Evidence

            Appellant
challenges both the legal and factual sufficiency of the evidence.  Therefore, we are required to conduct an
analysis of the legal sufficiency of the evidence first and then, only if we
find the evidence to be legally sufficient, do we analyze the factual
sufficiency of the evidence.  See Clewis v. State, 922 S.W.2d
126, 133 (Tex.Crim.App. 1996).

Standard of Review

            In
assessing the legal sufficiency of the evidence, we review all the evidence in
the light most favorable to the verdict to determine whether any rational trier of fact could have found the essential elements of
the offense beyond a reasonable doubt.  Jackson v. Virginia, 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); Ross v. State,
133 S.W.3d 618, 620 (Tex.Crim.App. 2004).  In conducting a legal sufficiency review, an
appellate court may not sit as a thirteenth juror, but rather must uphold the
jury’s verdict unless it is irrational or unsupported by more than a mere
modicum of evidence.  Moreno
v. State, 755 S.W.2d 866, 867 (Tex.Crim.App.
1988).  We measure the legal
sufficiency of the evidence against a hypothetically correct jury charge.  See Malik
v. State, 953 S.W.2d 234, 240 (Tex.Crim.App.
1997).

            When
an appellant challenges the factual sufficiency of the evidence supporting his
conviction, the reviewing court must determine whether, considering all the
evidence in a neutral light, the jury was rationally justified in finding the
appellant guilty beyond a reasonable doubt. 
See Watson v. State, 204 S.W.3d 404, 415
(Tex.Crim.App. 2006). 
In performing a factual sufficiency review, we must give deference to
the fact finder’s determinations if supported by evidence and may not order a
new trial simply because we may disagree with the verdict.  See id. at
417.  As an appellate court, we are not
justified in ordering a new trial unless there is some objective basis in the
record demonstrating that the great weight and preponderance of the evidence
contradicts the jury’s verdict.  See
id.  Additionally, an appellate
opinion addressing factual sufficiency must include a discussion of the most
important evidence that appellant claims undermines
the jury’s verdict.  Sims
v. State, 99 S.W.3d 600, 603 (Tex.Crim.App.
2003).  The Court of Criminal
Appeals has recently declared that, when reviewing the evidence for factual
sufficiency, the reviewing court should measure the evidence in a neutral
manner against a “hypothetically correct jury charge.”  Vega v. State, 267 S.W.3d 912, 915 (Tex.Crim.App. 2008) (citing Wooley
v. State, 273 S.W.3d 260, 268 (Tex.Crim.App.
2008)).

 

Legal Sufficiency

            Appellant
contends that the State failed to present legally sufficient evidence linking
him to the methamphetamine.  To prove
appellant guilty of the indicted offense, the State had to prove: 1) appellant;
2) intentionally or knowingly; 3) possessed; 4) a controlled substance,
methamphetamine; 5) in an amount of four grams or more but less than 200
grams.  See Tex. Health & Safety Code Ann. §
481.115(d).  Possession means the actual
care, custody, control, or management of the methamphetamine in question.  See id. § 481.002(38).  To prove that appellant possessed the
methamphetamine in question, the State must prove that: (1) the accused
exercised control, management, or care over the substance; and (2) the accused
knew the matter possessed was contraband. 
See Poindexter v. State, 153 S.W.3d 402,
405 (Tex.Crim.App. 2005).  The evidence establishing possession may be
direct or circumstantial, however, it must establish
that appellant’s connection to the methamphetamine was more than just fortuitous.
Id. at 405-06. 
There must be evidence, other than presence alone, that would lead the
fact finder to rationally conclude beyond a reasonable doubt that appellant
exercised care, custody, control, or management of the methamphetamine.  See Evans v. State, 202 S.W.3d 158, 162 (Tex.Crim.App.
2006).

            In
Evans, the Texas Court of Criminal Appeals set forth a list of links
that had been recognized by Texas courts. 
Id. at 162 n.12.  The list is non-exclusive and includes the
following:

1) the defendant’s presence when a search is
conducted; 2) whether the contraband was in plain view; 3) the defendant’s
proximity to and the accessibility of the narcotic; 4) whether the defendant
was under the influence of narcotics when arrested; 5) whether the defendant
possessed other contraband or narcotics when arrested; 6) whether the defendant
made incriminating statements when arrested; 7) whether the defendant attempted
to flee; 8) whether the defendant made furtive gestures; 9) whether there was an
odor of contraband; 10) whether other contraband or drug paraphernalia were
present; 11) whether the defendant owned or had the right to possess the place
where the drugs were found; 12) whether the place where the drugs were found
was enclosed; 13) whether the defendant was found with a large amount of cash;
and 14) whether the conduct of the defendant indicated a consciousness of
guilt.  

 

Id.  It
is not the number of links found to be present that is ultimately important,
rather it is the logical force of all of the evidence, both direct and
circumstantial.  Id.
at 162.

            In
reviewing the evidence before the jury, the first matter to consider is that
appellant was present where the contraband was found.  He was in the house approximately 10 to 15
feet from the table where the black bag containing the contraband was
found.  The methamphetamine was, however,
not in plain view.  Rather, it was located
inside the closed black bag.  The
testimony of Garcia was that the bag belonged to appellant.  Appellant’s brief seems to posit that the bag
could have belonged to Garcia, yet the only testimony before the jury was that
it belonged to appellant.  Appellant
contends that he denied any possession of the bag or methamphetamine to the
police officers and that they reported this in their reports.  While this statement is true, it must be
considered in light of the later admission that appellant made to Officer
Moore.  After Moore had placed the
evidence in the trunk of his patrol car, he went to the front seat and opened
the sliding window into the back seat, where appellant was seated, and
appellant stated that the gun and the methamphetamine found in the house did
not belong to him and that he was just “peddling” the dope for his
girlfriend.  The jury could well have
viewed this as an admission to possession of the methamphetamine.  Also, nothing in the record reveals how
appellant had knowledge of what items were found in the house other than having
prior knowledge of their existence. Thus, this statement was a conscious
acknowledgment of guilt and that he was aware that the matter possessed was
contraband.  Additionally, there are the
recorded jail house telephone calls.  One
of the calls talks about the gun in question and another
mentions that appellant knew that the larger bag of methamphetamine was
half fake.  The lab supervisor for the
DPS testified that the larger bag was approximately one-half cutting
agent.  The recorded phone calls also
contain an admission by appellant that he had kicked a table that struck Garcia
on the leg.  This was consistent with
Garcia’s testimony about what occurred at the motel.  Finally, Officer Moore testified that appellant
admitted that the green car parked at the house was his and the only set of keys found at the location were lying on the table
next to the black bag where the methamphetamine was found.    

            As
part of our analysis of the evidence, we first must remember that it is not the
number of links found that is important, rather it is
the logical force of the links established by the evidence that controls the
ultimate issue.  Id.  The links to appellant may be demonstrated by
direct or circumstantial evidence.  Poindexter,
153 S.W.3d at 405-06. 
Further, when we review this evidence in the light most favorable to the
verdict, as we must in a legal sufficiency review, we cannot say that the jury
acted irrationally in finding appellant guilty beyond a reasonable doubt of
possession of methamphetamine as charged in the indictment.  See Jackson, 443 U.S. at 319; Ross,
133 S.W.3d at 620. 
Appellant’s issue regarding the legal sufficiency of the evidence is
overruled.

 

Factual Sufficiency

            We
next review the evidence in a neutral manner to determine whether the jury was
rationally justified in finding appellant guilty beyond a reasonable
doubt.  Watson, 204
S.W.3d at 415.  When making a
factual sufficiency review, we are mindful that the jury has already passed on
the evidence and their conclusions are entitled to deference when supported by
the evidence.  Id.
at 417.  Further, we cannot simply
supplant the jury’s verdict because we might disagree with it,
rather we must be able to state with particularity where the deficiency in the
evidence to support the jury’s determination exists.  Id.

            Appellant
contends that the evidence is factually insufficient for the same reasons he
claimed that the evidence was legally insufficient, a failure of the evidence
to link him to the methamphetamine in question. 
However, the evidence is factually sufficient, even when viewed in a
neutral light, for the same reasons that the evidence was legally
sufficient.  Id.
at 415.  

            Appellant
asserts two primary reasons that the evidence is factually insufficient and we
will address those concerns.  Sims,
99 S.W.3d at 603. 
First, appellant spends a significant portion of his brief outlining all
of the various Evans factors that do not link him to the
methamphetamine.  Such an analysis, while
correct, misses the mark.  As stated in Evans,
it is not the number of links that is important,
rather it is the logical force of the links that are found that control the
issue.  Evans, 202
S.W.3d at 162.  Here, there are a
number of links that the evidence did not support,
however, nowhere in appellant’s brief is there a mention of the fact that
appellant made a directly incriminating statement to Officer Moore.  Likewise, there is no mention of the recorded
telephone conversations from jail that a jury could rationally believe indicate
that appellant knowingly possessed the drugs on the night in question.  

            Second,
appellant posits that the police chose to believe Garcia’s statement that the
drugs were not hers, even though she was seated directly in front of the
drugs.  However, there are two problems
with appellant’s contention.  The
evidence was that Garcia had come out the front door and did not return to the
house until appellant was in custody. 
Therefore, this situation is not similar to the facts of Evans,
where the defendant was seated in front of drugs that were in plain view when
the police arrived.  Further, Garcia’s
testimony reflected that, prior to the police’s arrival, she was not seated
directly in front of the black bag, rather she was on
another sofa located in the living room of the house.  

            Finally,
appellant points out a number of inconsistencies in Garcia’s testimony and
opines that these show the evidence to be factually insufficient.  However, the position taken by appellant
invites the court to ignore that the jury heard this testimony and resolved any
conflicts and discrepancies against appellant. 
This is the jury’s province and we cannot say that there is no support
for their conclusion in the record.  Id.  

            Accordingly,
we find that the evidence is factually sufficient to support the jury’s verdict
and that the verdict is not against the great weight and preponderance of the
evidence.  Watson, 204 S.W.3d at 417. 
Appellant’s issue regarding the factual sufficiency of the evidence is
overruled.

 

Conclusion

            Having
overruled appellant’s issues, the judgment of the trial court is affirmed.  

 

                        

                                                                                    Mackey
K. Hancock

                                                                                               Justice

 

 

Do not publish.   

 

 

 

 











[1]
See Tex. Health & Safety Code
Ann. § 481.115(d) (Vernon Supp. 2009). 

 





[2]  See Tex.
Health & Safety Code Ann. § 481.134(c)(1) (Vernon
Supp. 2009).