NO. 07-09-00042-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

JUNE 4, 2010

SANTIAGO MASON GOMEZ, APPELLANT

v.

THE STATE OF TEXAS, APPELLEE

FROM THE 64TH DISTRICT COURT OF HALE COUNTY;

NO. A17779-0809; HONORABLE ROBERT W. KINKAID JR., JUDGE

Before CAMPBELL and HANCOCK and PIRTLE, JJ.

**MEMORANDUM OPINION**

Appellant, Santiago Mason Gomez, was convicted of theft of property of the value of $500 or more but less than $1,500, enhanced by two prior theft convictions.[1] Appellant was sentenced to serve two years in a State Jail facility and was assessed a fine of $7,500. Appellant appeals challenging the sufficiency of the evidence and contending that the trial court erred in admitting certain exhibits. We affirm.

---

[1] See TEX. PENAL CODE ANN. § 31.03(e)(4)(D) (Vernon Supp.2009).

Factual Background

On September 8, 2008, Faustinon Falcon, Jr., observed a pickup truck parked beside the curb near his residence. As Falcon observed the pickup, two men got out. One, a Hispanic male headed toward the rear of the house belonging to Keith Herrington, the victim of the theft. The other man, the driver of the pickup, got out and raised the hood of the pickup and appeared to be pouring gas into the carburetor. A short time later, the Hispanic male returned carrying a power washer, electric chain saw, and some other tools. Falcon did not recognize either of the men but did take down the license plate number of the truck. Later, Falcon advised a friend of what he had seen and, after Herrington reported the theft, the Plainview Police Department sent a detective to visit with Falcon about his observations.

The same day as the theft, Billy Walker, the owner of Walker Drilling in Plainview, purchased a pressure washer and chain saw from a Hispanic male. The Plainview Police eventually recovered the items Walker purchased, and they were identified by Herrington as being part of what was stolen from his house.

Based on the description of the vehicle, driver, and passenger, the Plainview Police put together a photo lineup that was shown to Falcon. After viewing the photo lineup, Falcon picked out appellant as the Hispanic male he observed coming back from the rear of Herrington's home with the power washer and electric chain saw. Additionally, Falcon identified Leo Ivory as the driver of the pickup truck. The police then obtained a statement from Ivory. In the statement, Ivory said that he was giving appellant a ride when he ran out of gas. While pulled to the curb and putting gas in the

2

truck and the carburetor, appellant walked to the back of a house and returned with the power washer and other items. After getting the pickup running again, Ivory proceeded to his original destination, Daffrins Steel in Plainview, which was across the street from Walker Drilling. Ivory saw appellant get the items from the truck and go across the street with them.

After hearing this evidence, the jury convicted appellant and sentenced him to two years in a State Jail facility. Appellant contends that the evidence is insufficient, both legally and factually, and that the trial court committed reversible error by admitting five specific photographs. We disagree with appellant and affirm the judgment of the trial court.

## Sufficiency of the Evidence

Appellant challenges both the legal and factual sufficiency of the evidence. Therefore, we are required to conduct an analysis of the legal sufficiency of the evidence first and then, only if we find the evidence to be legally sufficient, do we analyze the factual sufficiency of the evidence. See Clewis v. State, 922 S.W.2d 126, 133 (Tex.Crim.App. 1996).

### Standard of Review

#### Legal Sufficiency

In assessing the legal sufficiency of the evidence, we review all the evidence in the light most favorable to the verdict to determine whether any rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt.

Jackson v. Virginia, 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); Ross v. State, 133 S.W.3d 618, 620 (Tex.Crim.App. 2004). In conducting a legal sufficiency review, an appellate court may not sit as a thirteenth juror, but rather must uphold the jury's verdict unless it is irrational or unsupported by more than a mere modicum of evidence. Moreno v. State, 755 S.W.2d 866, 867 (Tex.Crim.App. 1988). We measure the legal sufficiency of the evidence against a hypothetically correct jury charge. See Malik v. State, 953 S.W.2d 234, 240 (Tex.Crim.App. 1997).

Factual Sufficiency

When an appellant challenges the factual sufficiency of the evidence supporting his conviction, the reviewing court must determine whether, considering all the evidence in a neutral light, the jury was rationally justified in finding the appellant guilty beyond a reasonable doubt. See Watson v. State, 204 S.W.3d 404, 415 (Tex.Crim.App. 2006). In performing a factual sufficiency review, we must give deference to the fact finder's determinations if supported by evidence and may not order a new trial simply because we may disagree with the verdict. See id. at 417. As an appellate court, we are not justified in ordering a new trial unless there is some objective basis in the record demonstrating that the great weight and preponderance of the evidence contradicts the jury's verdict. See id. Additionally, an appellate opinion addressing factual sufficiency must include a discussion of the most important evidence that appellant claims undermines the jury's verdict. Sims v. State, 99 S.W.3d 600, 603 (Tex.Crim.App. 2003). The Texas Court of Criminal Appeals has recently declared that, when reviewing the evidence for factual sufficiency, the reviewing court should measure the evidence in a

neutral manner against a "hypothetically correct jury charge." Vega v. State, 267 S.W.3d 912, 915 (Tex.Crim.App. 2008) (citing Wooley v. State, 273 S.W.3d 260, 268 (Tex.Crim.App. 2008)).

## Analysis

Appellant essentially contends that, because Herrington did not see appellant take the items from his house or the back porch of the house, the evidence is insufficient. This contention basically ignores the legal efficacy of circumstantial evidence. Circumstantial evidence is as probative as direct evidence in establishing the guilt of an actor, and the standard of review is the same for both direct and circumstantial evidence cases. King v. State, 254 S.W.3d 579, 582 (Tex.App.—Amarillo 2008, no pet.).

Additionally, when conducting a legal sufficiency review, as we must initially do, we are required to consider all of the evidence admitted by the trial court, even improperly admitted evidence. Hernandez v. State, 190 S.W.3d 856, 863 (Tex.Crim.App. 2006). Thus, we have the testimony of Falcon seeing the Hispanic male bringing items from the back of Herrington's house and placing them in Ivory's pickup truck. Falcon later identified appellant as the Hispanic male. Herrington reported the items stolen and these items match up to the items that a Hispanic male sold to Walker on the same day as the theft. Finally, Ivory confirmed Falcon's testimony and specifically identified appellant as the perpetrator. Ivory further testified that appellant placed the items in the back of the pickup truck and rode with Ivory over to Daffrins Steel, which was located across the street from the business from which the stolen

5

items were recovered. Based on the totality of this evidence, the jury was entitled to find appellant guilty beyond a reasonable doubt. Appellant's issue regarding the legal sufficiency of the evidence is overruled.

In addressing the factual sufficiency of the evidence, appellant's main contention is that the evidence does not adequately connect appellant to the theft and the stolen property. See Sims, 99 S.W.3d at 603. Again, appellant would ask this court to discount the evidence because it is not direct evidence. As stated above, circumstantial evidence is as probative as direct evidence. King, 254 S.W.3d at 582. Further, as a reviewing court, we must give deference to the jury's determinations if supported by the evidence. Watson, 204 S.W.3d at 417. Watson does not limit the deference given to the jury's determination of facts to only those cases that are supported by direct evidence. This being so, the evidence discussed above is factually sufficient to support the judgment of the trial court. Appellant's issue regarding the factual sufficiency of the evidence is overruled.

Admission of Photographs

By his final issue, appellant contends that the trial court committed reversible error in admitting certain photographs of the items taken from Herrington. Appellant's contention is that none of the complained of photographs were properly authenticated.

Standard of Review

As appellant's issue relates to the trial court's admission of evidence, we review the decision under the abuse of discretion standard. See Billodeau v. State, 277

6

S.W.3d 34, 39 (Tex.Crim.App. 2009). The test for abuse of discretion is whether the trial court acted without reference to any guiding rules and principles. Montgomery v. State, 810 S.W.2d 372, 380 (Tex.Crim.App. 1991). A reviewing court applying the abuse of discretion standard should not reverse a trial judge's decision whose ruling was within the zone of reasonable disagreement. Green v. State, 934 S.W.2d 92, 102 (Tex.Crim.App. 1996).

Analysis

Initially, the State contends that appellant has waived any objection to the admission of any photographs because the objection made at trial was of a general nature that did not serve to place the trial court on notice as to why the photographs should not be admitted. See TEX. R. APP. P 33.1(a)(1)(A). The objection made each time a photo was offered was that the photo had not been properly authenticated. While such an objection is not the model of clarity, we will address the issue raised by appellant.

Appellant's table of contents to his brief lists two issues pertaining to photographs. Appellant's third issue contends that State's exhibits 4, 5, 6, & 7 were improperly admitted due to inadequate authentication. However, when we read the actual argument portion of the brief, there is no mention of State's exhibits 4, 5, 6, & 7. The only State's exhibits discussed are State's exhibits 8 & 9. Accordingly, we find that appellant has inadequately briefed his third issue and nothing is presented for review. See TEX. R. APP. P. 38.1(i).

7

As the argument in appellant's brief pertains to State's exhibits 8 & 9, these are two photographs of what has been described as the electric chain saw that belonged to Herrington after it had been disassembled. Prior to the admission of the pictures, Herrington specifically testified that he could identify the items in the State's exhibits. Because the items had been identified by the owner, the requirement of authentication contained in Texas Rule of Evidence 901(a) has been met. See TEX. R. EVID. 901(a). Accordingly, the trial court did not abuse its discretion in admitting the pictures. Billodeau, 277 S.W.3d at 39. Appellant's issues relating to the admission of the photographs are overruled.

## Conclusion

Having overruled appellant's contentions, we affirm the judgment of the trial court.

Mackey K. Hancock
Justice

Do not publish.