NO. 07-08-00093-CR

 

IN THE COURT OF APPEALS

 

FOR THE
SEVENTH DISTRICT OF TEXAS

 

AT
AMARILLO

 

PANEL A

 



MAY
5, 2010

 



 

ANDY DEWAYNE POSEY, APPELLANT

 

v.

 

THE STATE OF TEXAS, APPELLEE 



 



 

 FROM THE 108TH DISTRICT COURT OF POTTER
COUNTY;

 

NO. 53,792-E; HONORABLE ABE LOPEZ, JUDGE



 



 

Before CAMPBELL
and HANCOCK and PIRTLE, JJ.

 

 

MEMORANDUM OPINION

 

 

Appellant, Andy Dewayne Posey, was
convicted by a jury of the lesser-included offense of possession of a
controlled substance, methamphetamine, of four grams or more but less than 200
grams[1]
in a drug-free zone.[2]  The jury sentenced appellant to confinement
in the Texas Department of Criminal Justice, Institutional Division (TDCJ-ID)
for a period of 40 years.  Appellant
appeals the judgment and sentence, contending that the evidence was legally and
factually insufficient to support the conviction.  We affirm.

Factual and Procedural Background

            On
June 8, 2006, deputies of the Randall County Sheriff’s Office, assisted by a
SWAT[3]
team from the Amarillo Police Department, executed a search warrant at
appellant’s home, 609 S. Forest, Amarillo, Texas.[4]  The SWAT team entered the residence first
going through an unlocked front door. 
Upon entering the home, officers found appellant sitting at a desk in
the kitchen.  After all occupants of the
home were located and secured, a search of the residence was conducted.  While searching the area immediately around
appellant, a plastic zip lock type bag containing what appeared to be
methamphetamine was located within four or five inches of his feet.  Located on the desk where appellant was
sitting was a set of digital scales.  A
number of small baggies, with the corners cut out, were found in the same area
where appellant was seated.  Testimony at
trial indicated that methamphetamine was often sold in baggies with the corners
cut out and was indicative of drug trafficking transactions.  Appellant had $734 in cash with him in small
($5.00, $10.00 and $20.00) denomination bills. 
During the trial, officers testified that methamphetamine sales to
individuals generally involved smaller denomination bills.  While executing the search warrant, two
police scanners were located in a truck parked in front of appellant’s
home.  In the kitchen area, officers
found a list of frequencies for various public service agency radios, with many
of the law enforcement frequencies highlighted, and a list of 10 code call
signs.  Testimony revealed that the 10
code call signs were the shorthand type of messages officers sent over the air
while communicating on the radio.

            Appellant
was indicted for the offense of possession, with intent to deliver, a
controlled substance, methamphetamine, in an amount of four grams or more but
less than 200 grams.  The indictment
further alleged that the possession was in a drug-free zone.

            At
trial, a representative of the Department of Public Safety Crime Lab testified
that the substance seized from appellant’s home was methamphetamine and weighed
16.36 grams.  Additionally, the officer
who was in charge of executing the search warrant testified that appellant’s
home was located 441 feet from Sam Houston Middle School.  

            After
the State rested its case-in-chief, appellant presented witnesses who testified
that they had been in appellant’s home before the execution of the search
warrant.  Both witnesses denied seeing
any of the methamphetamine or drug paraphernalia found in the home.  

            The
court’s charge asked the jury to consider the evidence on the indicted offense
of possession with intent to deliver and the lesser-included offense of
possession.  The court’s charge also
contained a paragraph requiring the jury to determine whether either of the
offenses occurred in a drug-free zone.  

            The
jury convicted appellant of the lesser-included offense of possession of
methamphetamine, in an amount of four grams or more but less than 200 grams in
a drug-free zone and sentenced him to serve a term of 40 years confinement in
the TDCJ-ID.  Appellant appeals alleging
that the evidence was legally and factually insufficient to link him to the methamphetamine
found in the residence.  We affirm the
conviction.

Standard of Review

            Appellant
challenges both the legal and factual sufficiency of the evidence.  Therefore, we are required to conduct an
analysis of the legal sufficiency of the evidence first, and then, only if we
find the evidence to be legally sufficient, do we analyze the factual
sufficiency of the evidence.  See Clewis v. State, 922 S.W.2d
126, 133 (Tex.Crim.App. 1996).

Legal Sufficiency

            In
assessing the legal sufficiency of the evidence, we review all the evidence in
the light most favorable to the verdict to determine whether any rational trier of fact could have found the essential elements of
the offense beyond a reasonable doubt.  Jackson v. Virginia, 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); Ross v. State,
133 S.W.3d 618, 620 (Tex.Crim.App. 2004).  In conducting a legal sufficiency review, an
appellate court may not sit as a thirteenth juror, but rather must uphold the
jury’s verdict unless it is irrational or unsupported by more than a mere
modicum of evidence.  Moreno
v. State, 755 S.W.2d 866, 867 (Tex.Crim.App.
1988).  We measure the legal
sufficiency of the evidence against a hypothetically correct jury charge.  See Malik
v. State, 953 S.W.2d 234, 240 (Tex.Crim.App.
1997).

Factual Sufficiency

            When
an appellant challenges the factual sufficiency of the evidence supporting his
conviction, the reviewing court must determine whether, considering all the
evidence in a neutral light, the jury was rationally justified in finding the
appellant guilty beyond a reasonable doubt. 
See Watson v. State, 204 S.W.3d 404,
415 (Tex.Crim.App. 2006).  In performing a factual sufficiency review,
we must give deference to the fact finder’s determinations if supported by
evidence and may not order a new trial simply because we may disagree with the
verdict.  See id. at 417.  As an
appellate court, we are not justified in ordering a new trial unless there is
some objective basis in the record demonstrating that the great weight and
preponderance of the evidence contradicts the jury’s verdict.  See id.  Additionally, an appellate opinion addressing
factual sufficiency must include a discussion of the most important evidence
that appellant claims undermines the jury’s
verdict.  Sims v.
State, 99 S.W.3d 600, 603 (Tex.Crim.App. 2003).  The Texas Court of Criminal Appeals has
recently declared that, when reviewing the evidence for factual sufficiency,
the reviewing court should measure the evidence in a neutral manner against a
“hypothetically correct jury charge.”  Vega
v. State, 267 S.W.3d 912, 915 (Tex.Crim.App.
2008) (citing Wooley v. State, 273
S.W.3d 260, 268 (Tex.Crim.App. 2008)).

 

 

Analysis

Applicable Law

            Appellant contends that the State failed to present
legally sufficient evidence linking him to the methamphetamine.  To prove appellant guilty of the indicted
offense, the State had to prove: 1) appellant; 2) intentionally or knowingly;
3) possessed; 4) a controlled substance, methamphetamine; 5) in an amount of
four grams or more but less than 200 grams. 
See Tex. Health & Safety
Code Ann. § 481.115(d). 
Possession means the actual care, custody, control, or management of the
methamphetamine in question.  See id.
§ 481.002(38) (Vernon Supp. 2009).  To
prove that appellant possessed the methamphetamine in question, the State must
prove that: 1) the accused exercised control, management, or care over the
substance; and 2) the accused knew the matter possessed was contraband.  See Poindexter v. State, 153 S.W.3d 402, 405 (Tex.Crim.App.
2005).  The evidence establishing
possession may be direct or circumstantial; however, it must establish that
appellant’s connection to the methamphetamine was more than just fortuitous. Id. at 405-06. 
There must be evidence, other than presence alone, that would lead the
fact finder to rationally conclude beyond a reasonable doubt that appellant
exercised care, custody, control, or management of the methamphetamine.  See Evans v. State, 202 S.W.3d 158, 162 (Tex.Crim.App.
2006).

            In Evans, the Texas Court of Criminal Appeals set
forth a list of links that had been recognized by Texas courts.  Id. at 162 n.12.  The list is non-exclusive and includes the
following:

1) the defendant’s presence when a search is
conducted; 2) whether the contraband was in plain view; 3) the defendant’s
proximity to and the accessibility of the narcotic; 4) whether the defendant
was under the influence of narcotics when arrested; 5) whether the defendant
possessed other contraband or narcotics when arrested; 6) whether the defendant
made incriminating statements when arrested; 7) whether the defendant attempted
to flee; 8) whether the defendant made furtive gestures; 9) whether there was
an odor of contraband; 10) whether other contraband or drug paraphernalia were
present; 11) whether the defendant owned or had the right to possess the place
where the drugs were found; 12) whether the place where the drugs were found
was enclosed; 13) whether the defendant was found with a large amount of cash;
and 14) whether the conduct of the defendant indicated a consciousness of
guilt.

Id.  It is not the
number of links found to be present that is ultimately important; rather, it is
the logical force of all of the evidence, both direct and circumstantial.  Id. at 162.

Legal Sufficiency

            When
we apply the various links set forth in Evans, the following links
connecting appellant to the methamphetamine are established in the record.  Id. 
First, the methamphetamine was located within a few inches of where
appellant sat in a chair.  Id.  Although the initial-entry officers admitted
they did not see the methamphetamine, they all testified that they were looking
for people because they were concerned, at that particular moment, about
officer safety.  The first officer who
went into the kitchen area, where appellant had been seated, for the purposes
of searching for contraband immediately observed the bag that contained the
methamphetamine.  If not in plain view,
the methamphetamine was certainly not hidden where appellant could not see
it.    Next, the evidence at trial
reflects that appellant was the occupier of the residence and had authority to
be where the methamphetamine was found.  Id.  Also, the record reflects that appellant had
immediate access to the drugs and, as explained above, was in very close
proximity to the methamphetamine.  Id.  Further, the record shows that appellant was
in possession of a significant amount of cash and that the denominations
possessed were consistent with someone who might be dealing in drugs.  Id. 
Significantly, there was additional drug paraphernalia found during the
search, and a significant amount of it was in plain view in the area around
appellant.  Id.  Finally, for purposes of the possession
element, when the police first entered the house and gave instructions to
appellant, he appeared to ignore them and made what one officer stated were
furtive gestures toward the area where the methamphetamine was subsequently
found.  Id.

            Based
upon the facts recited above, we cannot say that a jury acted irrationally in
finding appellant guilty beyond a reasonable doubt of the lesser-included
possession offense.  Having determined
that the jury decision was not irrational, we conclude the evidence was legally
sufficient to sustain the verdict, and we overrule appellant’s first issue.

Factual Sufficiency

            We
next review the evidence in a neutral manner to determine whether the jury was
rationally justified in finding appellant guilty beyond a reasonable
doubt.  Watson, 204
S.W.3d at 415.  When making a
factual sufficiency review, we are mindful that the jury has already passed on
the evidence, and its conclusions are entitled to deference when supported by
the evidence.  Id.
at 417.  Further, we cannot simply
supplant the jury’s verdict because we might disagree with it; rather, we must
be able to state with particularity where the deficiency in the evidence to
support the jury’s determination exists. 
Id.

            Appellant
again points to a lack of links to tie appellant to the methamphetamine.  Further, according to appellant, there are a
number of links that tied appellant’s wife, Kimi, to
the methamphetamine.  Finally, appellant
contends that the testimony of the witnesses he called established that at
least two other people were in the house before the search warrant was
executed.  Appellant then contends that
it is significant that the jury did not convict appellant on the possession
with intent to deliver charge, opting instead to convict appellant of
possession alone.  According to appellant’s
theory, this is significant because it means that the jury did not believe any
of the evidence that might tend to prove possession.  For these reasons, appellant contends that
the evidence was factually insufficient. 
See Sims, 99 S.W.3d at 603.

            Appellant’s
contentions regarding the jury’s decision to convict on the lesser included
charge of simple possession do not alter the conclusion that the evidence, as
recited above, when considered in a neutral light, is still sufficient to allow
a rational jury to find appellant guilty beyond a reasonable doubt of
possession of methamphetamine.  See
Watson, 204 S.W.3d at 415.  

            Regarding
the contentions that appellant has put forth that should undermine our
confidence in the jury’s verdict, we initially note that the fact that the
evidence might be viewed to link Kimi to the
methamphetamine does nothing to lessen the linking of appellant to the same
drugs.  See Taylor v. State,
Nos. 07-08-00205-CR, 07-08-00206-CR, 2010 Tex. App. LEXIS 2024, at *8 (Tex.App.—Amarillo March 22, 2010, no pet. h.) (“It is not
necessary for the State to prove [appellant] maintained exclusive possession of
the contraband,” (citing Cude v. State,
716 S.W.2d 46, 47 (Tex.Crim.App. 1986))).  Next, considering appellant’s contention
regarding the testimony that two other people were in the home shortly before
the search warrant was executed, we note that the jury heard this evidence and,
apparently, by its verdict, rejected it. 
We must treat the jury’s findings, implied or otherwise, with deference
for it is within its province to resolve conflicts in the testimony.  Watson, 204 S.W.3d
at 417.  When we analyze the
evidence, giving due deference to the jury’s determination, we are left with
the conclusion that the jury was justified in finding appellant guilty beyond a
reasonable doubt.  Id.
at 415.  Accordingly, we overrule
appellant’s second issue.

Conclusion

            Having
overruled appellant’s issues, we affirm the judgment of the trial court.

            

                                                                                                Mackey
K. Hancock

                                                                                                            Justice

 

Do not publish.  

            








 











[1] See Tex.
Health & Safety Code Ann. § 481.115(d) (Vernon 2009).

 





[2] See Tex.
Health & Safety Code Ann. § 481.134(c)(1)
(Vernon 2009).





[3] Special Weapons And Tactics 

 





[4] The home was located within the city limits of
Amarillo, Potter County, Texas. 
Therefore, the Amarillo Police Department was asked to assist in the
serving of the search warrant.