NO. 07-08-00093-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

MAY 5, 2010

ANDY DEWAYNE POSEY, APPELLANT

v.

THE STATE OF TEXAS, APPELLEE

FROM THE 108TH DISTRICT COURT OF POTTER COUNTY;

NO. 53,792-E; HONORABLE ABE LOPEZ, JUDGE

Before CAMPBELL and HANCOCK and PIRTLE, JJ.

**MEMORANDUM OPINION**

Appellant, Andy Dewayne Posey, was convicted by a jury of the lesser-included offense of possession of a controlled substance, methamphetamine, of four grams or more but less than 200 grams[1] in a drug-free zone.[2] The jury sentenced appellant to confinement in the Texas Department of Criminal Justice, Institutional Division (TDCJ-ID) for a period of 40 years. Appellant appeals the judgment and sentence, contending

---

[1] See TEX. HEALTH & SAFETY CODE ANN. § 481.115(d) (Vernon 2009).

[2] See TEX. HEALTH & SAFETY CODE ANN. § 481.134(c)(1) (Vernon 2009).

that the evidence was legally and factually insufficient to support the conviction. We affirm.

Factual and Procedural Background

On June 8, 2006, deputies of the Randall County Sheriff's Office, assisted by a SWAT[3] team from the Amarillo Police Department, executed a search warrant at appellant's home, 609 S. Forest, Amarillo, Texas.[4] The SWAT team entered the residence first going through an unlocked front door. Upon entering the home, officers found appellant sitting at a desk in the kitchen. After all occupants of the home were located and secured, a search of the residence was conducted. While searching the area immediately around appellant, a plastic zip lock type bag containing what appeared to be methamphetamine was located within four or five inches of his feet. Located on the desk where appellant was sitting was a set of digital scales. A number of small baggies, with the corners cut out, were found in the same area where appellant was seated. Testimony at trial indicated that methamphetamine was often sold in baggies with the corners cut out and was indicative of drug trafficking transactions. Appellant had $734 in cash with him in small ($5.00, $10.00 and $20.00) denomination bills. During the trial, officers testified that methamphetamine sales to individuals generally involved smaller denomination bills. While executing the search warrant, two police scanners were located in a truck parked in front of appellant's home. In the

---

[3] Special Weapons And Tactics

[4] The home was located within the city limits of Amarillo, Potter County, Texas. Therefore, the Amarillo Police Department was asked to assist in the serving of the search warrant.

2

kitchen area, officers found a list of frequencies for various public service agency radios, with many of the law enforcement frequencies highlighted, and a list of 10 code call signs. Testimony revealed that the 10 code call signs were the shorthand type of messages officers sent over the air while communicating on the radio.

Appellant was indicted for the offense of possession, with intent to deliver, a controlled substance, methamphetamine, in an amount of four grams or more but less than 200 grams. The indictment further alleged that the possession was in a drug-free zone.

At trial, a representative of the Department of Public Safety Crime Lab testified that the substance seized from appellant's home was methamphetamine and weighed 16.36 grams. Additionally, the officer who was in charge of executing the search warrant testified that appellant's home was located 441 feet from Sam Houston Middle School.

After the State rested its case-in-chief, appellant presented witnesses who testified that they had been in appellant's home before the execution of the search warrant. Both witnesses denied seeing any of the methamphetamine or drug paraphernalia found in the home.

The court's charge asked the jury to consider the evidence on the indicted offense of possession with intent to deliver and the lesser-included offense of possession. The court's charge also contained a paragraph requiring the jury to determine whether either of the offenses occurred in a drug-free zone.

The jury convicted appellant of the lesser-included offense of possession of methamphetamine, in an amount of four grams or more but less than 200 grams in a drug-free zone and sentenced him to serve a term of 40 years confinement in the TDCJ-ID. Appellant appeals alleging that the evidence was legally and factually insufficient to link him to the methamphetamine found in the residence. We affirm the conviction.

Standard of Review

Appellant challenges both the legal and factual sufficiency of the evidence. Therefore, we are required to conduct an analysis of the legal sufficiency of the evidence first, and then, only if we find the evidence to be legally sufficient, do we analyze the factual sufficiency of the evidence. See Clewis v. State, 922 S.W.2d 126, 133 (Tex.Crim.App. 1996).

Legal Sufficiency

In assessing the legal sufficiency of the evidence, we review all the evidence in the light most favorable to the verdict to determine whether any rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); Ross v. State, 133 S.W.3d 618, 620 (Tex.Crim.App. 2004). In conducting a legal sufficiency review, an appellate court may not sit as a thirteenth juror, but rather must uphold the jury's verdict unless it is irrational or unsupported by more than a mere modicum of evidence. Moreno v. State, 755 S.W.2d 866, 867 (Tex.Crim.App. 1988). We measure

4

the legal sufficiency of the evidence against a hypothetically correct jury charge. See Malik v. State, 953 S.W.2d 234, 240 (Tex.Crim.App. 1997).

Factual Sufficiency

When an appellant challenges the factual sufficiency of the evidence supporting his conviction, the reviewing court must determine whether, considering all the evidence in a neutral light, the jury was rationally justified in finding the appellant guilty beyond a reasonable doubt. See Watson v. State, 204 S.W.3d 404, 415 (Tex.Crim.App. 2006). In performing a factual sufficiency review, we must give deference to the fact finder's determinations if supported by evidence and may not order a new trial simply because we may disagree with the verdict. See id. at 417. As an appellate court, we are not justified in ordering a new trial unless there is some objective basis in the record demonstrating that the great weight and preponderance of the evidence contradicts the jury's verdict. See id. Additionally, an appellate opinion addressing factual sufficiency must include a discussion of the most important evidence that appellant claims undermines the jury's verdict. Sims v. State, 99 S.W.3d 600, 603 (Tex.Crim.App. 2003). The Texas Court of Criminal Appeals has recently declared that, when reviewing the evidence for factual sufficiency, the reviewing court should measure the evidence in a neutral manner against a "hypothetically correct jury charge." Vega v. State, 267 S.W.3d 912, 915 (Tex.Crim.App. 2008) (citing Wooley v. State, 273 S.W.3d 260, 268 (Tex.Crim.App. 2008)).

Analysis

<u>Applicable Law</u>

Appellant contends that the State failed to present legally sufficient evidence linking him to the methamphetamine. To prove appellant guilty of the indicted offense, the State had to prove: 1) appellant; 2) intentionally or knowingly; 3) possessed; 4) a controlled substance, methamphetamine; 5) in an amount of four grams or more but less than 200 grams. <u>See</u> TEX. HEALTH & SAFETY CODE ANN. § 481.115(d). Possession means the actual care, custody, control, or management of the methamphetamine in question. <u>See</u> <u>id</u>. § 481.002(38) (Vernon Supp. 2009). To prove that appellant possessed the methamphetamine in question, the State must prove that: 1) the accused exercised control, management, or care over the substance; and 2) the accused knew the matter possessed was contraband. <u>See</u> <u>Poindexter v. State</u>, 153 S.W.3d 402, 405 (Tex.Crim.App. 2005). The evidence establishing possession may be direct or circumstantial; however, it must establish that appellant's connection to the methamphetamine was more than just fortuitous. <u>Id</u>. at 405-06. There must be evidence, other than presence alone, that would lead the fact finder to rationally conclude beyond a reasonable doubt that appellant exercised care, custody, control, or management of the methamphetamine. <u>See</u> <u>Evans v. State</u>, 202 S.W.3d 158, 162 (Tex.Crim.App. 2006).

In <u>Evans</u>, the Texas Court of Criminal Appeals set forth a list of links that had been recognized by Texas courts. <u>Id</u>. at 162 n.12. The list is non-exclusive and includes the following:

6

1) the defendant's presence when a search is conducted; 2) whether the contraband was in plain view; 3) the defendant's proximity to and the accessibility of the narcotic; 4) whether the defendant was under the influence of narcotics when arrested; 5) whether the defendant possessed other contraband or narcotics when arrested; 6) whether the defendant made incriminating statements when arrested; 7) whether the defendant attempted to flee; 8) whether the defendant made furtive gestures; 9) whether there was an odor of contraband; 10) whether other contraband or drug paraphernalia were present; 11) whether the defendant owned or had the right to possess the place where the drugs were found; 12) whether the place where the drugs were found was enclosed; 13) whether the defendant was found with a large amount of cash; and 14) whether the conduct of the defendant indicated a consciousness of guilt.

Id. It is not the number of links found to be present that is ultimately important; rather, it is the logical force of all of the evidence, both direct and circumstantial. Id. at 162.

Legal Sufficiency

When we apply the various links set forth in Evans, the following links connecting appellant to the methamphetamine are established in the record. Id. First, the methamphetamine was located within a few inches of where appellant sat in a chair. Id. Although the initial-entry officers admitted they did not see the methamphetamine, they all testified that they were looking for people because they were concerned, at that particular moment, about officer safety. The first officer who went into the kitchen area, where appellant had been seated, for the purposes of searching for contraband immediately observed the bag that contained the methamphetamine. If not in plain view, the methamphetamine was certainly not hidden where appellant could not see it. Next, the evidence at trial reflects that appellant was the occupier of the residence and had authority to be where the methamphetamine was found. Id. Also, the record reflects that appellant had immediate access to the drugs and, as explained above, was

7

in very close proximity to the methamphetamine. Id. Further, the record shows that appellant was in possession of a significant amount of cash and that the denominations possessed were consistent with someone who might be dealing in drugs. Id. Significantly, there was additional drug paraphernalia found during the search, and a significant amount of it was in plain view in the area around appellant. Id. Finally, for purposes of the possession element, when the police first entered the house and gave instructions to appellant, he appeared to ignore them and made what one officer stated were furtive gestures toward the area where the methamphetamine was subsequently found. Id.

Based upon the facts recited above, we cannot say that a jury acted irrationally in finding appellant guilty beyond a reasonable doubt of the lesser-included possession offense. Having determined that the jury decision was not irrational, we conclude the evidence was legally sufficient to sustain the verdict, and we overrule appellant's first issue.

Factual Sufficiency

We next review the evidence in a neutral manner to determine whether the jury was rationally justified in finding appellant guilty beyond a reasonable doubt. Watson, 204 S.W.3d at 415. When making a factual sufficiency review, we are mindful that the jury has already passed on the evidence, and its conclusions are entitled to deference when supported by the evidence. Id. at 417. Further, we cannot simply supplant the jury's verdict because we might disagree with it; rather, we must be able to state with

particularity where the deficiency in the evidence to support the jury's determination exists. Id.

Appellant again points to a lack of links to tie appellant to the methamphetamine. Further, according to appellant, there are a number of links that tied appellant's wife, Kimi, to the methamphetamine. Finally, appellant contends that the testimony of the witnesses he called established that at least two other people were in the house before the search warrant was executed. Appellant then contends that it is significant that the jury did not convict appellant on the possession with intent to deliver charge, opting instead to convict appellant of possession alone. According to appellant's theory, this is significant because it means that the jury did not believe any of the evidence that might tend to prove possession. For these reasons, appellant contends that the evidence was factually insufficient. See Sims, 99 S.W.3d at 603.

Appellant's contentions regarding the jury's decision to convict on the lesser included charge of simple possession do not alter the conclusion that the evidence, as recited above, when considered in a neutral light, is still sufficient to allow a rational jury to find appellant guilty beyond a reasonable doubt of possession of methamphetamine. See Watson, 204 S.W.3d at 415.

Regarding the contentions that appellant has put forth that should undermine our confidence in the jury's verdict, we initially note that the fact that the evidence might be viewed to link Kimi to the methamphetamine does nothing to lessen the linking of appellant to the same drugs. See Taylor v. State, Nos. 07-08-00205-CR, 07-08-00206-CR, 2010 Tex. App. LEXIS 2024, at *8 (Tex.App.—Amarillo March 22, 2010, no pet. h.)

("It is not necessary for the State to prove [appellant] maintained exclusive possession of the contraband," (citing Cude v. State, 716 S.W.2d 46, 47 (Tex.Crim.App. 1986))). Next, considering appellant's contention regarding the testimony that two other people were in the home shortly before the search warrant was executed, we note that the jury heard this evidence and, apparently, by its verdict, rejected it.  We must treat the jury's findings, implied or otherwise, with deference for it is within its province to resolve conflicts in the testimony.  Watson, 204 S.W.3d at 417.  When we analyze the evidence, giving due deference to the jury's determination, we are left with the conclusion that the jury was justified in finding appellant guilty beyond a reasonable doubt.  Id. at 415.  Accordingly, we overrule appellant's second issue.

Conclusion

Having overruled appellant's issues, we affirm the judgment of the trial court.


Mackey K. Hancock
Justice


Do not publish.

10