

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-10-00122-CR

_____


VANESSA RENEE WREYFORD, Appellant

V.

THE STATE OF TEXAS, Appellee



On Appeal from the County Court at Law No. 2
Smith County, Texas
Trial Court No. 002-83290-09



Before Morriss, C.J., Carter and Moseley, JJ.
Memorandum Opinion by Chief Justice Morriss

MEMORANDUM OPINION

In a jury trial, in contesting mainly whether Vanessa Renee Wreyford was intoxicated at the time she drove along a public thoroughfare in Smith County,[1] the attorneys got a little testy. In the process, Jacob Putman, Assistant District Attorney, improperly characterized Wreyford's counsel as having "lied to the jury" and, at a different time, as a "snake oil salesman."

Wreyford appeals from her conviction for driving while intoxicated (DWI) and her sentence of ninety days' confinement in the Smith County jail. Wreyford alleges that the evidence is legally insufficient[2] to support her conviction and that the trial court erred in overruling objections to the State's statements concerning her attorney. Although we condemn the above statements of Putman verbally abusing Wreyford's attorney, we affirm the trial court's judgment, because (1) sufficient evidence supports Wreyford's DWI conviction, and (2) no reversible error appears concerning the State's statements.

---

[1]Originally appealed to the Twelfth Court of Appeals, this case was transferred to this Court by the Texas Supreme Court pursuant to its docket equalization efforts. *See* TEX. GOV'T CODE ANN. § 73.001 (Vernon 2005). We are unaware of any conflict between precedent of the Twelfth Court of Appeals and that of this Court on any relevant issue. *See* TEX. R. APP. P. 41.3.

[2]Wreyford also argues the evidence was factually insufficient to support her conviction. Recently, a plurality of the Texas Court of Criminal Appeals abolished the factual sufficiency review established by *Clewis v. State*, 922 S.W.2d 126 (Tex. Crim. App. 1996), and its progeny. *Brooks v. State*, 323 S.W.3d 893, 912 (Tex. Crim. App. 2010). The *Jackson v. Virginia* legal-sufficiency standard is the only standard that a reviewing court applies in determining whether the evidence is sufficient to support each element of a criminal offense that the State is required to prove beyond a reasonable doubt. *Id.* Therefore, we will not address the challenge to the factual sufficiency of the evidence.

2

*(1)*     *Sufficient Evidence Supports Wreyford's DWI Conviction*

In evaluating Wreyford's legal sufficiency challenge, we review all of the evidence in the light most favorable to the jury's verdict to determine whether any rational jury could have found the essential elements of DWI beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319 (1979); *Sanders v. State*, 119 S.W.3d 818, 820 (Tex. Crim. App. 2003); *Hartsfield v. State*, 305 S.W.3d 859, 863 (Tex. App.—Texarkana 2010, pet. ref'd) (citing *Clayton v. State*, 235 S.W.3d 772, 778 (Tex. Crim. App. 2007)). During our examination, we give deference to the responsibility of the jury "to fairly resolve conflicts in testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts." *Hooper v. State*, 214 S.W.3d 9, 13 (Tex. Crim. App. 2007) (citing *Jackson*, 443 U.S. at 318–19).

Sufficiency of the evidence is measured by the elements of the offense as defined by a hypothetically correct jury charge. *Malik v. State*, 953 S.W.2d 234, 240 (Tex. Crim. App. 1997); *see also Grotti v. State*, 273 S.W.3d 273, 280 (Tex. Crim. App. 2008); *Vega v. State*, 267 S.W.3d 912, 916 (Tex. Crim. App. 2008). Under a hypothetically correct jury charge, Wreyford committed the offense of DWI if (1) she (2) operated (3) a motor vehicle (4) in a public place (5) while intoxicated. TEX. PENAL CODE ANN. § 49.04 (Vernon 2003). "Intoxicated," the crux of Wreyford's complaint, means:

3

(A)     not having the normal use of mental or physical faculties by reason of the introduction of alcohol, a controlled substance, a drug, a dangerous drug, a combination of two or more of those substances, or any other substance into the body; or

(B)     having an alcohol concentration of 0.08 or more.

TEX. PENAL CODE ANN. § 49.01(2) (Vernon 2003).

Trooper Trevor Phillips was patrolling the highway at 11:00 p.m. when he noticed Wreyford's vehicle was without a front license plate and with "a defective license plate light on the very back."   He testified she was driving "40 to 45 miles an hour" in a "65-mile-per-hour zone." Phillips "initiated [his] emergency lights" and claimed Wreyford "was slow to respond."   After initial contact, Wreyford was able to retrieve her license and insurance without difficulty.   Yet, because Phillips "detected a strong odor of an alcoholic beverage coming from the interior of the vehicle," he asked her to exit the vehicle and determined that the smell of alcohol was "coming from her breath and person."   Wreyford told Phillips she "had one to one and a half beers."

Phillips "noticed she wasn't walking a straight line as she walked towards the front portion of [his] vehicle," and decided to administer a series of field sobriety tests.   According to Phillips, Wreyford exhibited six out of six clues during the horizontal gaze nystagmus test, including a pronounced lack of "smooth pursuit" in both eyes.   Noting the NHTSA statement that a display of four or more clues indicates a high probability of intoxication, Phillips moved to the walk and turn test.   He testified Wreyford failed this test because she "couldn't balance during instruction; she also started too soon; she missed heel to toe; she stepped off line; and she turned improperly."

4

Phillips also claimed Wreyford "swayed while balancing, . . . put her foot down and . . . used her arms for balance" during the one-leg-stand test. Wreyford passed the fourth "finger count observation" test.

After administering these tests, Phillips concluded with "100 percent" assurance that Wreyford was intoxicated. Wreyford "refused to provide any type of breath sample." In transit to the jail following her arrest, Wreyford told Phillips "she believed she [was] a little intoxicated but didn't deserve to go to jail." Wreyford reportedly used profanity and then began to fall asleep.

After hearing Phillips' testimony and watching a video recording of the arrest, the jury found Wreyford guilty. Viewing all of the evidence in a light most favorable to the jury that found Phillips' testimony credible, we conclude that a rational jury could find beyond a reasonable doubt that Wreyford did not have the normal use of her physical faculties by reason of the introduction of alcohol. The evidence is legally sufficient to support the jury's verdict.

*(2)     No Reversible Error Appears Concerning the State's Statements*

Permissible jury argument falls into one of four areas: (1) summation of the evidence; (2) reasonable deduction from the evidence; (3) an answer to the argument of opposing counsel; or (4) a plea for law enforcement. *Cannady v. State*, 11 S.W.3d 205, 213 (Tex. Crim. App. 2000). Argument that strikes at a defendant over the shoulders of defense counsel is improper. *Wilson v. State*, 7 S.W.3d 136, 146–47 (Tex. Crim. App. 1999); *Dinkins v. State*, 894 S.W.2d 330, 357 (Tex. Crim. App. 1995). A prosecutor risks improperly "striking at a defendant over the shoulder of

5

counsel when the argument is made in terms of defense counsel personally and when the argument explicitly impugns defense counsel's character." *Mosley v. State*, 983 S.W.2d 249, 259 (Tex. Crim. App. 1998). Such argument has been repeatedly condemned. *Gomez v. State*, 704 S.W.2d 770 (Tex. Crim. App. 1985); *Fuentes v. State*, 664 S.W.2d 333 (Tex. Crim. App. 1984).

Even when an argument exceeds the permissible bounds of these approved areas, it will not be reversible unless the argument is extreme or manifestly improper, violates a mandatory statute, or injects into the trial new facts harmful to the accused. *Wesbrook v. State*, 29 S.W.3d 103, 115 (Tex. Crim. App. 2000) (citing *Todd v. State*, 598 S.W.2d 286, 296–97 (Tex. Crim. App. 1980)). The prosecutor's remarks must have been a willful and calculated effort to deprive a defendant of a fair and impartial trial. *Id.* (citing *Cantu v. State*, 939 S.W.2d 627, 633 (Tex. Crim. App. 1997)). In most instances, the court's instruction to disregard the remarks will cure the error. *Wilkerson v. State*, 881 S.W.2d 321, 327 (Tex. Crim. App. 1994); *Cooks v. State*, 844 S.W.2d 697, 727 (Tex. Crim. App. 1992).

During jury argument at the guilt/innocence phase, Erick Platten, Wreyford's attorney, referred to Phillips and argued:

> The evidence as you heard it from this stand. That's what we've got. You just don't show up and start slinging stuff all over the place and see what's going to catch. Well, I'm trained in field sobriety testing, and I've pulled over so many people and this, that and everything else. I am not saying he's a bad guy or anything like that. He is doing his job. Doing a job that the billboards throughout this state say. You drink. You drive. You go to jail. I am not endorsing alcohol and drunk driving, like I said, but what y'all saw was someone that was not driving while intoxicated.

6

The following exchange occurred during the subsequent argument by Assistant District Attorney Putman:

> MR. PUTMAN:     The walk and turn test.  You need two clues to be intoxicated.   She had five clues.   Now, understandably, you couldn't see them on the video.   She misses heel to toe and steps off line.   You couldn't see it because the hood of the car was in the way.   There is nothing we can do about that.   But the trooper was there, and he told you.   Trooper Phillips has no reason to lie to you.  And make no mistake, Mr. Platten flat out called him a liar.   He said, I don't think he's a bad guy.  I think he was doing his job.   But that's not all he said.   He said—
>
> MR. PLATTEN:     Objection.   Striking at the defendant over the shoulder of the attorney, Your Honor.
>
> MR. PUTMAN:     Judge, I can't help it if Mr. Platten lied to the jury.
>
> MR. PLATTEN:     I did not lie to the jury.
>
> THE COURT:     Number one, Mr. Platten, your objection is denied. Number two, your sidebar comment to Mr. Platten just then, Jurors, disregard that. Make your argument to the jury.

At the time of Platten's objection, Putman was, initially, not attacking Platten personally, but was responding to Platten's suggestion that Officer Phillips' testimony should not be believed. An answer to the argument of opposing counsel challenging the credibility of a witness is proper fodder for jury argument. *See Waites v. State*, No. 06-09-00096-CR, 2010 WL 2477783, at *3 (Tex. App.—Texarkana June 18, 2010, no pet.) (mem. op., not designated for publication); *Blue v. State*, No. 14-09-00184-CR, 2010 WL 1655485, at *7 (Tex. App.—Houston [14th Dist.] Apr. 27,

7

2010, no pet.) (mem. op., not designated for publication);[3] *Mijores v. State*, 11 S.W.3d 253, 256 (Tex. App.—Houston [14th Dist.] 1999, no pet.); *Giesburg v. State*, 945 S.W.2d 120, 126 (Tex. App.—Houston [1st Dist.] 1996), *aff'd*, 984 S.W.2d 245 (Tex. Crim. App. 1998).

In direct and immediate response to Platten's objection, however, Putman personally and explicitly impugned Platten's character by claiming Platten lied to the jury. Clearly, this was improper.

Both the Texas Supreme Court and the Texas Court of Criminal Appeals have adopted "The Texas Lawyer's Creed—A Mandate for Professionalism" in an attempt to eliminate such abusive practices by lawyers. Such abusive practices do a disservice to citizens and demean the legal profession. That Creed mandates that a lawyer will not "attribute bad motives or unethical conduct to opposing counsel" or make "disparaging personal remarks . . . towards opposing counsel. . . . " The Texas Lawyer's Creed-A Mandate for Professionalism III (10) (adopted by the Supreme Court of Texas and The Texas Court of Criminal Appeals Nov. 7, 1989), *reprinted in* Texas Rules of Court 804–05 (West 2010).

We often hear disparaging comments about lawyers, judges, and the legal system at large. Putman's conduct here encourages and, in part, validates those who would attack our justice system. If those of us in the legal system expect citizens to respect the system and the rule of law, judges and lawyers must act in a professional and respectful manner. In exercising their vital role

---

[3]Although these unpublished cases have no precedential value, we may take guidance from them "as an aid in developing reasoning that may be employed." *Carrillo v. State*, 98 S.W.3d 789, 794 (Tex. App.—Amarillo 2003, pet. ref'd).

of advocates in our system, lawyers must behave professionally and ethically. Instead of inculcating public confidence in our legal system, Putman's statements lacked that professionalism and embarrassed the system.

Platten did not, however, object to Putman's accusing him of lying; he simply denied the accusation. Though the statement that Platten lied to the jury constituted a strike at a defendant over the shoulders of defense counsel, the issue is not before us as a ground for reversal. Also, the trial court recognized the improper character of Putman's statement and directed the jury to disregard it. *See* TEX. R. APP. P. 33.1; *Mijores*, 11 S.W.3d at 256.[4] This improper statement was not preserved for our review, and the trial court provided Wreyford all she could have reasonably asked for, the instruction that the jury disregard it.

Wreyford also argues the trial court erred in failing to sustain objections to Putman's argument during the punishment phase. To place the argument into context, we review the record during Platten's closing argument in the guilt/innocence phase. In closing argument, Platten stated:

> [PLATTEN:] I hope I wasn't putting you to sleep when I was asking these questions because that was not my intention. I had to be as thorough as possible about some of these things. Because that's my job. My job is not to stand up here and be a snake oil salesman and try to make something that it's not. That's not what I'm doing.

---

[4]Even if Wreyford had objected to the comment that Platten lied to the jury, she failed to preserve error by failing to request a mistrial. *Cook v. State*, 858 S.W.2d 467, 473 (Tex. Crim. App. 1993) (to preserve jury argument error for appellate review, defendant must (1) object, (2) request an instruction to disregard, and (3) move for mistrial).

9

At punishment, the following record was made:

> MR. PUTMAN: Mr. Platten told you he wasn't a snake oil salesman. Remember his closing argument?
>
> MR. PLATTEN: Objection to striking at the defendant over the shoulder of the attorney.
>
> THE COURT: Denied.
>
> MR. PUTMAN: That's exactly what he said is he wasn't a snake oil salesman. *I disagree.* She got up here and said—
>
> MR. PLATTEN: Objection for name calling.
>
> THE COURT: Denied.
>
> MR. PUTMAN: She got up here and told you her family is sick. She has responsibilities. Please don't punish me.

(Emphasis added.)

The objection "for name calling" was an objection to striking at the defendant over the shoulder of the attorney. TEX. R. APP. P. 33.1(a)(1)(A). The objection was made in response to another personal attack on Platten—that he was a snake oil salesman. This remark, too, was improper.[5] *Wilson*, 7 S.W.3d at 147; *Mosley*, 983 S.W.2d at 259 (argument suggesting counsel wanted to divert jury from truth was assumed inappropriate). The trial court should have sustained that objection. But, we do not believe that error was reversible.

---

[5]Our previous comments, in condemnation of Putman's "liar" accusation, apply here as well.

Because comments striking at the defendant over the shoulder of counsel have "never been held to amount to a constitutional violation," but instead "constitute 'other errors' within the purview of Rule 44.2(b)," we must follow the rule that "[a]ny other error, defect, irregularity, or variance that does not affect substantial rights must be disregarded." *Mosley*, 983 S.W.2d at 259; *see* TEX. R. APP. P. 44.2(b); *George v. State*, 117 S.W.3d 285, 289 (Tex. App.—Texarkana 2003, pet. ref'd). In making this determination, we weigh the severity of the misconduct (the magnitude of the prejudicial effect of the prosecutor's remarks), any measures adopted to cure the misconduct, and the certainty of conviction absent the misconduct (the strength of the evidence supporting the conviction). *Mosley*, 983 S.W.2d at 259–60; *Hawkins v. State*, 135 S.W.3d 72, 75–76 (Tex. Crim. App. 2004).

In *Mosley*, the prosecutor's jury argument contained a rather specific claim that defense counsel was attempting to divert the jury from the truth:

> There is only one route to the truth. It is by traveling on the main road. That will take you to your proper destination. But you must stay on the main road. The defense has attempted to get you off the main road, to divert you. They don't want you to stay on the main road because they know where that will take you. . . . They want you to take a side road, a series of side roads, rabbit trails, and a rabbit trail that will lead you to a dead-end. The truth is not there.

*Mosley*, 983 S.W.2d at 258. *Mosley* referred to federal caselaw[6] in deciding these comments were "mildly inappropriate," did not directly accuse the defense attorneys of lying, did not suggest

---

[6]*Mosley* cited to the following cases in support of its holding: *United States v. Millar*, 79 F.3d 338, 343–44 (2nd Cir. 1996) (comments that defense of case was "hog wash," that defense counsel had created "smoke screen," and trying to "confuse" jury and "lead them astray" "clearly did not rise to the level of severity to require reversal"); *United States*

11

that any evidence was manufactured, and did not inject new facts into evidence. *Id.* at 260. The appellate court stated, "At most, the comments indicate that the defense may be attempting to distort the jury's view of the evidence through clever argument." *Id.* While it did "not condone the prosecutor's actions," the court found the severity of the misconduct small. *Id.*

Here, while we condemn Putman's accusation and there were no measures taken to ameliorate it, the evidence of Wreyford's intoxication, the main contested fact issue, is pretty strong. We conclude that the conduct had no or little effect. *See id.* at 259–60. We hold that there is no reversible error here.

We affirm the trial court's judgment.

Josh R. Morriss, III
Chief Justice

Date Submitted:      February 9, 2011
Date Decided:        February 16, 2011

Do Not Publish

---

*v. Palmer*, 37 F.3d 1080, 1086 (5th Cir. 1994) (comment that defense attorney wanted to "confuse" jury and "throw up a smoke screen" did not require reversal); *United States v. Ortiz-Arrigoitia*, 996 F.2d 436, 440 (1st Cir. 1993) (prosecutor's statements to jury that defense attorneys "want like to scramble your heads, confuse you" and "wanted to confuse your head" not so prejudicial to require reversal).